Martin. J.
delivered the opinion of the *317 court. The defendants are sued on a note, payable to Dean, which the petition avers to be the property of Vineyard.
Smith pleaded commorancy in abatement.
Hubbard, the other defendant, the general issue; and that the consideration of the note was the price of two slaves sold by Dean; one of whom, had a redhibitory defect, &c.
There was judgment against Smith for one half of the note, and the suit was dismissed as to Hubbard; certain interrogatories put by him to the plaintiff not being sufficiently answered.
The plaintiff and Smith appealed.
The fact of Smith’s residence at Natchitoches does not appear to us clearly established, and we deem ourselves bound not to disturb the judgment against him, overruling his plea.
We think the court was correct in giving judgment for one half of the note only; as it did not expressly appear he bound himself solidarily, and solidarity is never presumed, Slocum vs. Sibley, 5 Martin, 682.
The plaintiff’s answer to the other defendant’s interrogatory purports to be sworn before G. Black, a justice of the peace for Hall *318 county, Georgia, whose official capacity is attested by the clerk.
Bullard for the plaintiff, Thomas for the defendant.
Hubbard’s counsel urges, that the district court was correct in dismissing the suit, as there was no legal proof of the answer to the interrogatories having been sworn to, and it was the plaintiff’s duty to produce the proof. He relies on the cases of Gitzandener vs. Macarty, 10 Martin, 70; Curtis vs. Stickler & al. 8 id. 212; and Woolsey vs. Paulding, 9 id. 280.
The defendant did not move to dismiss the suit under the the act of 1805. 2 Martin's Digest, 160, but went to trial on the merits. He thereby waived his right to move for a dismissal of the suit by making his election to proceed to trial. The court, therefore, erred in dismissing the suit.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, as far as it relates to the defendant Smith, be affirmed with costs in both courts; and that, as far as it relates to the defendant Hubbard, it be annulled, avoided and reversed, and the cause remanded, with directions to the judge to proceed to trial.