[PHILADELPHIA, JANUARY 12, 1835.]

## BAILEY *against* The COMMONWEALTH.

### IN ERROR.

An averment in an indictment against a justice for refusing a copy of his proceedings, of a tender of eighteen and three quarter cents for a copy of his proceedings at large is sufficient.

THIS was a writ of error to the Quarter Sessions of Bucks County. It was a prosecution against *William Bailey,* a justice of the peace, for refusing a copy of his proceedings in a suit before him.

The indictment was in the following terms.

" The grand inquest &c. do present, that *William Bailey,* late of the county aforesaid, yeoman, being a justice of the peace in and for the District numbered six, composed of the townships of Buckingham and Solebury, in the said county of Bucks, duly commissioned and sworn to do the duties of the said office with fidelity and according to law, a certain suit was commenced and instituted before him, as such, of which suit, and of the cause of action thereof, he lawfully had jurisdiction and cognizance, wherein a certain *John Bye* was plaintiff, and a certain *Francis Campbell* was defendant, and in which suit the said *William Bailey,* as a justice of the peace, entered judgment : and that on the fourteenth day of July, in the year of our Lord one thousand eight hundred and thirty-six at the county aforesaid, and within the jurisdiction of this Court with force and arms, &c., he the said *William Bailey,* as a justice of the peace, did unlawfully refuse to make out a copy of his proceedings at large in the said suit and deliver the said copy duly certified by him to the said *Francis Campbell,* the defendant in the suit; he the said *Francis Campbell,* having then and there required and demanded the same

(Bailey *v.* The Commonwealth.)

of the said *William Bailey* as a justice; and he the said *Francis Campbell* then and there did tender unto him the said *William Bailey* as a justice of the peace, eighteen and three quarter cents, the just and legal fee of him, the said *William* for his services in that behalf aforesaid: to the great hindrance and obstruction of public justice, contrary to the form of the Act of Assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The defendant brought this writ of error, and assigned for error—

1. That there is no sufficient averment in the indictment that the defendant below was tendered the fee he was by law entitled to receive, before the copy was demanded.

2. That the indictment charges that *Francis Campbell* required and demanded a copy of the proceedings at large duly certified by him, wherein judgment had been rendered, and tendered eighteen and three quarter cents as the legal fees, which would have been the fee for a copy of the judgment only, and not for a copy of the proceedings at large with the judgment.

3. That the offence is not laid to the damage of any person.

4. That the sum alleged to have been tendered is eighteen and three quarter cents which is uncertain. The fee tendered should have been eighteen cents and three quarters of a cent for the copy of the judgment.

5. That the indictment does not aver that the defendant was a justice of the peace at the time of the demand made.

6. That the offence is not laid to be contrary to the duty of the defendant as a justice of the peace.

*Porter* for plaintiff in error, confined himself to the insufficiency of the tender and the allegation of it in the indictment, and cited 6 *Serg. & Rawle*, 88. *Wilson* v. *The Commonweath*, 10 *Serg, & Rawle*, 373. *Purd. Dig.* 497, ed. of 1832.

PER CURIAM.—This indictment seems to have been drawn with an eye to the case of *Wilson* v. *The Commonwealth*, the circumstances of which are nearly the same; where it was held that the fee of twenty five cents allowed specifically by the fee bill then in force, for a copy of the judgment, was all that the party was bound to tender for a copy of the proceedings at large. This fee of twenty five cents is reduced by the present fee bill to eighteen cents and three quarters of a cent; but the phraseology as to this and almost all other items remains the same. The decision then is in point, and being on the only exception argued here, disposes of the case.

Judgment affirmed.