WESTERN DIST.
*October*, 1836.

WELLS'S HEIRS
*vs.*
LAMOTHE.

10 L 410|
46 906|

WELLS'S HEIRS *vs.* LAMOTHE.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

When the court fails for the term to which the appeal is made returnable, and the transcript is not filed until the first day of the following term, it will be in time.

So where the appeal bond is only signed by the surety, it will be sufficient to maintain the appeal.

The sale of a tract of land, by an act under private signature, which does not even appear to be recorded, will be good between the parties, when it is shown that the vendee has been in possession under this title for nearly twenty years. Between the parties and their heirs, such an act forms full proof.

This is a petitory action, in which the plaintiffs seek to recover a tract of land, five arpents front, by the depth of forty, situated on Bayou Rapides, formerly the property of their ancestor. The plaintiffs allege that they are entitled to this land, in right of their father, as his legal heirs, and that the defendant holds it without title.

The defendant pleaded the general issue, and averred that he was the *bonâ fide* owner and possessor of the land in question, under a good title. That he, and those under whom he claims, have been in possession more than thirty years. He pleads prescription, and prays for judgment quieting him in his title and possession, &c.

The evidence showed that the defendant derived his title from Wells, the plaintiffs' ancestor, under a sale and private act, dated the —— day of —————— 181 , and that the vendee had been in the uninterrupted possession of the land ever since, a period of nearly twenty years. The case was submitted to a jury, who returned a verdict for the defendant. From judgment confirming it, the plaintiffs appealed.

*Winn,* for the defendant and appellee, moved to dismiss the appeal, on the ground that the record was not filed in time. The appeal was made returnable to the first day of the October term, of the Supreme Court, in 1835, at Alexandria, and the transcript was not filed until the first day of the October term, 1836.

2. The appeal bond is insufficient, not being signed by all the appellants.

*Dunbar, contra.*

1. There was no Supreme Court held at the term to which the cause was made returnable, but the transcript was filed on the first judicial day of the following term.

2. It is not necessary that the appellant should sign the appeal bond; if the surety signs, it is sufficient.

The case was submitted without argument on the merits.

*Bullard, J.,* delivered the opinion of the court.

The appellee moves to dismiss the appeal on two grounds : first, that the transcript was not filed on the return day, nor within three judicial days thereafter ; second, that no legal bond has been given, the principals named in that instrument never having signed it.

I. It appears that the appeal was made returnable on the first Monday in October, 1835, and the transcript was filed on the first Monday of October, 1836. It is shown by the records of the court, that the term of this court for October, 1835, failed entirely, and no judicial day intervened between the return day and that on which the transcript was filed.

II. All the appellants do not appear to have signed the bond, but it is signed by the surety. This question was settled in 9 Martin, 34, and 10 Martin, 74.

On the merits, the case is clearly with the defendant. He exhibits a sale from the ancestors of the plaintiffs, of the land sued for. The act, it is true, is under private signature, and does not appear to have been recorded ; but the defendant's

When the court fails for the term to which the appeal is made returnable, and the transcript is not filed until the first day of the following term, it will be in time.

So, where the appeal bond is only signed by the surety, it will be sufficient to maintain the appeal.

The sale of a tract of land, by an act under private signature, which does not even appear to be recorded, will be good between the parties, when it is shown that the vendee has been in possession, under this title, for nearly twenty years. Between the parties and their heirs such an act forms full proof.

possession, under that title for nearly twenty years past, is shown, and between the parties and their heirs, such an act forms full proof. .

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.