On Motion to Disbiiss Apreal.
The opinion of the court was delivered by
Watkins, J.
The single ground of the motion is that the defendant and appellant has not given an appeal bond in conformity to law and the order of the court; and the reason assigned by Moore’s *882 counsel is that the bond was never signed by the defendant and appellant.
It was signed as follows: “ Henry L. Garland, attorney at law and attorney in fact for A. O. Hutchinson; O. O. Duson, W. W. Duson.”
In the body of the bond occurs this recital, viz:
“Know all men by these presents that one A. O. Hutchinson, special agent of La. West. R. R. Co. defendant, cited to answer in the suit of Louis A. Granier vs. Louisiana Western R. R. Company, No. 109 of District Court, as principal, and C. C. Duson and W. W. Duson as securities, are held and firmly bound,” etc.
Then, it is clear that H. L. Garland signed the bond as the attorney at law of A. C. Hutchinson, special agent of the defendant railroad company; and that C. O. Duson and W. W. Duson signed as the sureties of the defendant company.
We fail to appreciate the objection that is urged against the bond. On the face of the bond it appears that A. C. Hutchinson was the special agent of the defendant company, cited to answer in this suit; and that as his attorney H. L. Garland signed the bond. That signature fulfils all the requirements of the law, in so far as the principal is concerned, and no doubt is expressed as to the signatures of the securities.
It has «¡often been held by this court that the signature of the appellant is not necessary to an appeal bond; but that it is enough that it is signed by a sufficient surety. His obligation to discharge the judgment rendered against him on the appeal, results from the judgment itself. 9 M. 84; 10 M. 74; 6 La. 824; 10 La. 410; 8 R. 264; 5 R. 59; 12 An. 880; 14 An. 701.
The appeal bond is perfectly regular in form, and is validly and sufficiently signed, and appellee’s motion is denied.