Barbour, J.
This is a motion, made November 18, 1868, to vacate an order purporting to have been made at a special term, on the 17th of December, 1868, and filed the 8th of October, 1868, directing that the defendant have an allowance of five per cent on the plaintiff's claim, and to strike such .allowance from the judgment. The order in question is claimed to be irregular upon the ground, as is alleged, that it was obtained without notice to the plaintiff, and for the further reason that it purports to have been made when no special term was held.
The papers show that upon the trial of the action, on the 17th of December, 1867, (not 1868,) the complaint was dismissed, and that, immediately thereupon, the court, on application of counsel, ordered that an extra allowance of five per cent on the plaintiff’s claim be made to the defendant ; that the clerk did not, then, enter in his minutes correctly the order as it was made, but wrote therein *478 the words “an extra allowance of five per cent for the plaintiffthat, afterwards, but at what precise time does not appear, the clerk amended his minutes by striking out the word “ plaintiff,” and inserting the word “ defendant.”
As the change so made by the clerk was intended to correct his own error and to conform his entry to the decision which had been made by the court, it appears to me that such alteration was quite proper. It is not very important, however, inasmuch as the tact that such allowance was actually made to the defendant by the court, is established by the affidavit of the clerk on this motion.
The plaintiff concedes, in his affidavit, that the order which he seeks to vacate was intended to be dated December 17, 1867, the day on which the trial was had and the allowance directed. The order, therefore, it may be assumed, was merely designed to embody, in that particular form, the decision which had been made in open court upon the motion for an allowance to the defendant.
I am unable to perceive that there was any irregularity in directing the order to be entered in the form in which it now appears, except in so far as concerns the date. It is, certainly, substantially, the order which had been made by the court at the close of the trial, and it is by no means material whether such order was reduced to form and received the fiat of the judge at that time, or at a subsequent period. It may be a loose practice, but nothing is more common than for a judge to affix his fiat to an order, directing it to be entered by the clerk, long subsequent to the actual making of the order. The date of the written order, however, being of a period which has not yet arrived, condemns it. It is not irregular, however, for that reason, so that the time of the court may properly be occupied in setting it aside, but absolutely void upon its face; certainly so until the day on which it purports to be dated shall *479 have arrived. The caption of the order, showing that it was made at a special term, was entirely correct if it is considered as speaking as of and from December 17th, 1867. For, all the terms of this court, except the general terms, are, in the language of the Code, “special terms;” although some of them may, also, be what the rule calls “jury terms.” (See Code, §§ 35, 36, 37.)
Eeally, however, no written order was necessary to enable the clerk to insert the allowance in the judgment. He had before him, upon taxation, not only the minutes kept by the deputy clerk, but the affidavit of such clerk that the court ordered the allowance to be made; and that was sufficient to authorize him to insert such allowance in the judgment. I am, therefore, of opinion that there was no irregularity in inserting the allowance.
Having arrived at these conclusions, it follows that the plaintiff’s motion must be denied; and as there is no pretense on his part that the allowance incorporated in the judgment differs in any respect from that which was actually ordered by the court at the trial, but this motion is made upon the ground of irregularity alone, the defendant is entitled to §10 costs.