## No. 6465.

SUCCESSION OF J. F. BOUTTÉ.    J. P. GUINAULT VS. LEBLANC & BOUTTÉ,. EXECUTORS.

Under articles 3069 and 3070 of the Civil Code, the surety on the bond of an Executor has the right to be released from further liability, if the Executor has failed to deposit all the moneys of the estate in bank, or has paid out its moneys without order of court.

APPEAL from the Second District Court, parish of Orleans. *Tissot,*. J.

Jme. Meunier for Plaintiff and Appellee.

McEnery, Ellis & Ellis for Defendants and Appellants :
Articles 3069 and 3070 only apply to the wrongful maladministration of an estate and consequent danger to the surety. The evidence shows that the funds of the estate were strictly used to pay its legitimate and privileged debts. The executor, in such cases, is not a wrong-doer, and is entitled to the credit of whatever sums he has paid which should legally be paid. 11 Rob. 479 ; 7 Rob. 49; 2 An. 45 ; 4 An. 76. The surety is, therefore, in no danger.

The opinion of the Court was delivered by
FENNER, J.   J. P. Guinault, who was surety on the bond of LeBlanc & Boutté, as executors in above succession, filed his petition against them, alleging sundry acts of maladministration by them in the execution of their trust, by which he, as their surety, was in danger of being

subjected to serious damage, and asking judgment ordering them to give a new bond with surety, as required by law, within three days, and releasing him from any further liability on his bond. The action is brought under articles 3069 and 3070 of the Civil Code, which distinctly provide for the relief asked where it is shown that the executors are "mismanaging the estate under their charge, and that thereby the surety is in danger of being seriously injured by their conduct." These articles are imported into the Revised Code from the provisions of Act No. 222 of 1859, which is an act for the better protection of sureties of Executors, Administrators, etc.

Their provisions, so far as they relate to the particular relief here asked, are not penal in their character, and cannot be considered harsh. We think sureties on the bonds of these officers must be considered as contracting with reference to them, and are entitled to have the full benefit thereof.

Their contracts are gratuitous, and entail upon them responsibilities for which they receive no consideration. They may justly demand from their principals a rigid compliance with all the requirements of law, and entire abstinence from all violations thereof, which might result in damage to them; and whenever they detect their principals in disregarding these requirements, it is only just that they should have the option of terminating their contract.

The acts of mismanagement here charged, which we consider serious, are,

First—Failure to deposit all moneys of the estate in bank; and,

Second—Paying out moneys without order of court.

Both charges are conclusively established by the evidence. We pay no attention to the payment, from the rents collected, before depositing, of the ordinary current expenses of administering the property, such as trifling repairs, water-rate, sanitary attention to privy-vaults, etc. But the payment of various privileged claims such as funeral expenses, tomb, sundry items of attorney's fees, and others not necessary here to recapitulate, without having their standing and amount settled by the court, was clearly unlawful. The failure to deposit, and the paying out moneys without order of court, are both plainly prohibited by article 1150 of the Code, and they subject both the executors and their surety to a penalty of *twenty per cent. per annum* on the amount thereof. The provisions of this article, taken originally from the act of 1837, have been frequently enforced by our courts.

Succession of Christy, 6 An. 427; Peale vs. White, 7 An. 449; Reed vs. Crocker, 12 An. 445; also, 2 An. 30; 7 Rob. 477; 4 An. 28.

Executors and curators, where their violations of these provisions have been merely technical, such as the payment of debts found to be

really privileged and reasonable in amount, though without order, may plead equity against the enforcement of the penalties of twenty per cent. damages, and dismissal from office; but the right of the surety to require a termination of his liability and the substitution of a new bond, is rather a privilege to the surety than a penalty on the executor; and from the moment that the executor is guilty of mismanagement by doing illegal acts, subjecting the surety to the risk of serious injury, the latter's privilege arises, and cannot be denied him. The Judge of the Court *a qua* seems to have taken these views of this case, and to have reached the same conclusion.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be affirmed, and that appellants pay the costs in both courts.

The Chief Justice recused himself, having been of counsel in the case.