Jourdain vs. Thibodeaux.

No. 6090.

28 169
o108 216

JOURDAIN SAVOIE, ADMINISTRATOR, VS. PIERRE A. THIBODEAUX.

The court *a qua* in this case perpetuated the injunction so far as to suspend the execution of a judgment to the amount of four hundred dollars, credited on the judgment, and in other respects dissolved it without damages and at the costs of the plaintiff in injunction.

The defendant, having obtained a new trial, moved to dissolve the injunction on matters apparent on the face of the papers, stating:

First—That the plea is one of compensation.

Second—That the law prohibits the injunction of an entire judgment under a plea of partial set-off.

Third—Insufficiency of the bond.

The court below decided correctly that, in relation to the first ground, the plea that the judgment was credited with four hundred dollars must be taken as true for the purpose of the rule; and in relation to the second and third grounds, that they were good; that a bond for double the amount of the sum claimed to have been paid should have been given.

But, in conformity with the jurisprudence of this State, the judge *a quo* properly ruled that, although an injunction may have been imprudently granted, it will not be dissolved when it is plain from the record that the party would be entitled to the writ immediately.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie, J. J. S. Goode,* for plaintiff and appellant. *C. Knobloch,* for defendant and appellee.

TALIAFERRO, J. The defendant, having purchased at a probate sale, in the year 1869, of the property of the succession of Jourdain Savoie two tracts of land, executed in favor of the administrator two promissory notes, each for the sum of three hundred and fifty dollars, payable respectively in the month of March of the years 1870 and 1871, a mortgage and vender's privilege in favor of the succession to secure their payment.

In the year 1873, the administrator instituted an action *via ordinaria* to enforce payment of these notes, obtained judgment, and caused execution to be issued. Thereupon the defendant enjoined the sale on the ground that the execution had issued for the sum of $805, with interest at eight per cent on half that amount from first of April, 1870, for and like rate of interest on the other half from the first of April, 1871, and for costs of suit, when really the judgment was credited with the payment of four hundred dollars as of date April 1, 1869. The answer to the injunction suit denies that plaintiff is entitled, even under his allegations, to an injunction, and that the same was wrongfully issued, no bond having been given as required by law. He prayed a dissolution of the injunction, with damages, etc.

The judgment of the lower court perpetuated the injunction so far as to suspend the execution of the judgment to the amount of four hundred dollars credited on the judgment, and in other respects dissolved it without damages, and at the costs of the plaintiff in injunction. The

16

defendant applied for and obtained a new trial. He moved to dissolve the injunction on matters apparent on the face of the papers; stating, first, that the plea is one of compensation; second, that the law prohibits the injunction of an entire judgment under a plea of partial set-off; third, insufficiency of the bond.

The court decided that, in relation to the first ground, the plea that the judgment was credited with four hundred dollars must be taken as true for the purposes of the rule; and in relation to the second and third grounds, that they were good; that a bond for double the amount of the sum claimed to have been paid should have been given. But in conformity with the jurisprudence of the State, he ruled that although an injunction may have been imprudently granted it will not be dissolved when it is plain from the record that the party would be entitled to the writ immediately.

The motion was overruled and the defendant in injunction appealed.

We think the judgment was properly rendered. 21 An. 324; 23 An. 171; 25 An. 222 and 670.

It is therefore ordered that the judgment appealed from be affirmed with costs.