*845 By the WHOLE COURT as then constituted.
SOMMERVILLE, .7.
J. E. Kerr, appellee, moves to dismiss the appeal herein on the ground that the appeal bond is not legal for the reason that the appellant, or any one in its behalf, has not made oath that he has been informed and believes that the surety on the bond of appeal is worth, over and above such suretyship obligation, in assets that can be subjected to levy under execution, the amount for which said surety bound himself in the bond, and the clerk of court for Washington parish was by law expressly prohibited from accepting or filing the bond in the absence of such affidavit, all of which should have been done under section 4 of Act 112 of 1916,-p. 242. '
[1] The error or omission complained of may be corrected in the’ district court under section 3 of the act at any time prior to judgment, if the adverse party, or any other party in interest, shall cause to be served upon plaintiff through the proper officer for service a notice that such adverse party, or the party in interest, claims that the bond furnished in the proceeding is insufficient either as to form or substance, or of the solvency, or because of the pecuniary insufficiency of the surety or sureties thereon. Hurry v. Hurry, 144 La. 877, 81 South. 378.
[2] The defendant in this cause, the appellee, has apparently faken no proceeding in the district court to complete the bond with '■respect io the matter complained of. But the law does not strike with nullity the bond because of the failure to file the affidavit as to the solvency of the surety. Such omission is not made a ground for dismissal of an appeal. White v. Maison Blanche Co., 142 La. 265, 76 South. 708.
On the contrary, in section 9 it is provided:
‘That no appeal shall be dismissed, nor shall any writ, or other process be set aside on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on said bond, until the party furnishing' such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished supplemental or additional bond, or surety or sureties, as herein above provided.”
[3] It is not within the jurisdiction of this court to order the missing affidavit as to the solvency of the surety to be made and filed; and the court is forbidden to dismiss the appeal for such omission in the bond.
The motion to dismiss the appeal is denied.