(90 South. 570)

No. 24433.

DAWSON v. FRAZAR et al.

In re DAWSON.

(May 2, 1921. On Rehearing, Jan. 2, 1922.)

*(Syllabus by the Court.)*

1. Set-off and counterclaim ☞6—Compensation and reconvention; court may entertain unconnected reconventional demand against nonresident plaintiff.

Where a plaintiff enjoining the execution of a writ of seizure and sale is a resident of another state. a court of this state is vested with jurisdiction to entertain a reconventional demand, based on any cause of action that the defendant may have, whether it be incidental to, or connected with, the main cause of action or otherwise.

2. Estoppel ☞68(4)—Plaintiff invoking jurisdiction cannot defeat it by plea of lis pendens interposed to same issue in a reconventional demand.

A litigant who invokes the jurisdiction of a court for the decision of an issue tendered in a petition for an injunction cannot be heard to defeat such jurisdiction with a plea of lis pendens, interposed to the same issue tendered in a demand in reconvention.

Provosty, J.; dissenting.

On Rehearing.

3. Abatement and revival ☞5—Plea of other action based on proceeding in rem not maintainable against subsequent demand for personal judgment on other obligation.

The plea of lis pendens, based on a proceeding in rem, to enforce payment of one obligation, cannot be maintained against a subsequent demand for a personal judgment upon other obligations.

*(Additional Syllabus by Editorial Staff.)*

4. Appearance ☞8(1)—Held voluntary where not compelled by process.

Where no process of court compelled a party's appearance, and in fact the party might have exercised his legal rights through the curator ad hoc, *held*, that his appearance was voluntary..

5. Certiorari ☞5(1) — Prohibition ☞3(3)— Interlocutory rulings on a lis pendens are ordinarily reviewable only on appeal.

Interlocutory rulings on a plea of lis pendens are reviewable ordinarily only on appeal, and not by means of writs of prohibition and certiorari; but where Supreme Court has plea before it along with a plea to the jurisdiction, it may pass on the rulings.

6. Abatement and revival ☞8(1) — Action abatable to the amount of a judicial proceeding in another parish on the same debt.

Where a debt was represented by five notes aggregating $35,000, secured by two collateral notes of $25,000 and $10,000, and an executory proceeding was pending in one parish, being a judicial demand on the $25,000 note, suit in another parish for the whole $35,000

was open to a plea of lis pendens as to the $25,000, but not as to the entire demand.

Monroe, C. J., dissenting.

Action by N. W. Dawson against J. B. Frazar and others. Judgment for defendants. Application by N. W. Dawson for writ of prohibition and certiorari. Judgment of the trial court affirmed in so far as overruling plea to the jurisdiction, and in so far as overruling the plea of lis pendens as against $10,000, plus interest and attorney's fees, of the $35,000 reconventional demand, and set aside in so far as it overrules in toto the said plea of lis pendens, and said plea sustained and reconventional demand of the Western Louisiana Bank dismissed as of nonsuit as to $25,000 of the same, plus interest and attorney's fees, being the same which the bank demanded in the executory process suit in another parish.

Hardin & Hardin and P. L. Ferguson, all of Leesville, Howell, Wortham & Howell, of New Orleans, and R. J. O'Neal, of De Ridder, for applicant.

Foster & Woosley, of Leesville, for respondent West Louisiana Bank.

### Statement of the Case.

MONROE, C. J. It appears from the application herein and the returns thereto made by the judge of the district court and the West Louisiana Bank, made respondents:

That relator is a resident of Texas; that on March 8, 1920, the bank applied to the district court for the parish of Ascension for a writ of seizure and sale, directing the sheriff of that parish to seize certain immovable property belonging to relator, and therein situated, in satisfaction of relator's past-due note for $25,000, interest and attorney's fees, secured by mortgage thereon; it being alleged in the petition for the writ that the note was held as collateral security for the payment of other past-due notes of relator held by the bank, as follows, to wit:

(a) Note for $10,000, with interest and attorney's fees, dated July 17, 1919, due September 1, 1919.

(b) Note for $18,800, with interest and attorney's fees, dated July 17, 1919, due September 1, 1919.

(c) Note for $1,500, interest and attorney's fees, dated June 21, 1919, due four months after date.

(d) Note for $4,500, interest and attorney's fees, dated July 17, 1919, due October 1, 1919.

(e) Note for $500, interest and attorney's fees, dated June 21, 1919, due on demand.

That relator obtained an injunction, without bond, from the court in Ascension, prohibiting the seizure, upon the allegations that the note for $10,000 above mentioned as item (a), was secured by his mortgage note for the same amount and the note of the Pelican Construction Company for $7,800, and that the other notes above mentioned were secured by other collaterals; that the note of $25,000 sued on was obtained by the bank through fraud, in that it was given to one of the directors, upon his advice, for purposes well understood by him, and was by him delivered to the bank without relator's knowledge or consent, and that relator would not have consented that it should be used as security for the notes above itemized; that said notes have been paid and extinguished by the foreclosure on, and sale and conversion of, the collateral attached thereto, and that relator is not indebted to said bank in any amount whatever; and that the issues thus presented are still pending and undecided in that court.

It further appears that on or about March 24, 1920, the bank obtained from the district court for the parish of Beauregard a writ directing the sheriff to seize and sell immovable property belonging to relator in that parish, in satisfaction of his past-due note, secured by mortgage thereon, for $10,000, with interest, etc., and that relator obtained an injunction, without bond, prohibiting the

execution of that writ, upon the sworn allegation "that the original debt for which said mortgage note had been given as collateral had been paid and extinguished"; and that the bank, in answering the petition for injunction, set up a demand in reconvention for a personal judgment against relator for the whole amount represented by said original notes, aggregating $35,300, to which demand relator pleaded an exception to the jurisdiction, on the ground that, being a resident of Texas and having come into the court of necessity, for the protection of his property, and not voluntarily, he was not subject to its jurisdiction for the purposes of the demand in reconvention, and, should that plea be overruled, he pleaded lis pendens, relying upon the pendency of the suit in the parish of Ascension. Both exceptions having been overruled, he made the application, now being considered, to this court, for a writ of prohibition.

Further facts disclosed by the evidence seem to indicate that plaintiff is trifling with the courts in order, it is to be presumed, to gain time. The answer and demand in reconvention was fixed for May 28 and refixed for June 30, whereupon relator took a nonsuit on his petition for injunction; and the seized property was advertised to be sold under the original order. On August 5, however, relator obtained a second injunction staying the sale, and, after further pleadings, the case was set for October 8, when it was continued, on motion of relator's counsel, to October 23, when he again took a nonsuit, and the property was again advertised; and on December 3, relator obtained a third injunction, on the same plea (of payment) and without bond. The case was then set for December 17, when another continuance was granted, to give relator time to get his witnesses, or their depositions; and upon January 10, the day then fixed, it appeared that relator had not caused the orders for the taking of testimony to be executed. All of which, though, so far as we know, within the law, appears to be a mere travesty upon the administration of justice.

## Opinion.

[1] As to the ruling of the district court, which has been brought here for review, we find no error therein. Relator being plaintiff in injunction, alleging that the instrument sued on had been paid by reason of the payment of the other obligations, for which it had been given as collateral security, the reconventional demand for a personal judgment on those other obligations was most intimately connected with the main demand. But, even if that were not so, the court was vested with jurisdiction, since the law declares that—

"When the plaintiff [meaning, in this case, plaintiff in injunction] resides out of the state, * * * or * * * in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause. * * *" C. P. 375, amended and reenacted by Act 50 of 1886.

The law thus referred to draws no distinction between those who go into court through necessity to protect or to assert their rights and these who go in for other reasons, if such other there be; the idea being that, if each of two persons has a claim against the other and they reside in different places, the one who is sued shall have the right to assert his claim at the same time and in the same forum that he is compelled to defend against the claim of the other. State ex rel. Pflug v. Judge, 35 La. Ann. 767.

[2] The plea of lis pendens was properly overruled, because, in the first place, it was not asserted at the proper time, i. e., when, by his petitions for injunction in the district court for the parish of Beauregard, plaintiff himself presented to that court the issue of payment vel non of the note sued on. He could not thus invoke the jurisdiction of the

court for the decision of that issue, and then defeat it by setting up the pendency of the same issue in another court. In the second place, the question of relator's personal liability, presented by the reconventional demand, had not been put at issue in the district court for the parish of Ascension, and the plea was not sustainable by the suit relied on to sustain it.

The rule nisi and staying order herein issued are therefore recalled and rescinded. and this proceeding is dismissed, at the cost of the applicant.

PROVOSTY, J., dissents.

DAWKINS, J., concurs in the decree.

On Rehearing.

PROVOSTY, J. The West Louisiana Bank held five promissory notes executed in its favor by N. W. Dawson, for $10,000, $18,-800, $1,500, $4,500, and $500, respectively, aggregating $35,000, and all stipulating interest and attorney's fees; and it held, as collateral security for said notes, a note for $25,000 executed by the same Dawson and secured by mortgage upon real estate situated in the parish of Ascension, and another note for $10,000 executed by Dawson and secured by mortgage upon real estate situated in the parish of Beauregard.

The bank sued out executory process upon the $25,000 note in the district court of the parish of Ascension, and sued out executory process upon the $10,000 note in the district court of the parish of Beauregard. Dawson being an absentee, a resident of Texas, a curator ad hoc was appointed to represent him in these proceedings.

Dawson sued out an injunction in the Ascension court against the executory process in that court, alleging that the $35,000 debt for which the $25,000 mortgage note had been delivered to the bank as collateral had been paid, and on the same ground he sued out an injunction in the Beauregard court against the executory process in that court.

The bank, seeking to take advantage of this personal appearance of Dawson in the Beauregard court, filed an answer to the injunction suit in that court, in which, by way of reconvention, it prayed for personal judgment against Dawson for the $35,000.

[3] To this reconventional demand Dawson pleaded that the court was without jurisdiction to entertain a suit for a personal judgment against him, he being a nonresident; and, in the alternative, and only in the event his plea to the jurisdiction was overruled, he pleaded lis pendens. The latter plea he based on the pendency of the executory proceedings in the parish of Ascension, in which proceedings it was alleged that the entire debt of $35,000 was secured by the $25,-000 collateral mortgage note foreclosed upon.

These pleas were overruled, and Dawson applied to this court for writs of certiorari and prohibition.

[4] Dawson's learned counsel recognize that personal jurisdiction of a nonresident is acquired by his voluntary appearance, but contend that the appearance of Dawson for suing out the injunction was not voluntary, but forced, in order to protect his property against an illegal seizure.

No process of the court compelled Dawson to appear; hence his appearance was voluntary. Indeed, as a matter of fact, he might have exercised his legal rights through the curator ad hoc, and thus personally kept away.

[5] The interlocutory rulings of a trial court, as, for instance, on a plea of lis pendens, are reviewable ordinarily only on appeal, and not by means of a writ such as the present, but inasmuch as the ruling on the plea of lis pendens in this case has come up along with the plea to the jurisdiction, we may as well pass upon it.

[6] There being but one debt, to wit, the one represented by the five notes aggregating $35,000, and the executory proceedings in the parish of Ascension being a judicial de-

mand for $25,000 of this debt (Taylor v. Hill, 21 La. Ann. 639), and that suit being still pending, it is very clear that the suit for the entire $35,000 in the parish of Beauregard was open to a plea of lis pendens as to $25,-000. This $25,000 could not at the same time be demanded both in the parish of Ascension suit and in the parish of Beauregard suit. To that extent the plea of lis pendens should have been sustained.

The learned counsel for Dawson would have the $35,000 debt to be indivisible, and the plea to be good therefore as to the entire $35,000. The only reason assigned for this supposed indivisibility is that the allegation is made in the Ascension suit that the entire $35,000 is secured by the $25,000 mortgage there sued on. But the said suit is not on the five notes but on the mortgage note, and there can be no reason why a suit upon a collateral to recover $25,000 of a $35,000 principal debt should be an obstacle to another suit upon another collateral to recover the remaining $10,000 of the debt.

Much complaint is made by the bank that Dawson has been suing out repeated injunctions and dismissing them in order to avoid trial, thereby abusing the remedy of injunction. We cannot help that. If Dawson presented a case for repeated injunctions, there was no alternative open but to grant the repeated injunctions. If he did not present a case for the repeated injunctions, the injunctions should not have been granted. But all that has nothing to do with the question of jurisdiction of the person of Dawson, or with the question of lis pendens.

The judgment of the trial court is therefore affirmed in so far as overruling the plea to the jurisdiction, and in so far as overruling the plea of lis pendens as against $10,000, plus interest and attorney's fees, of the $35,-000 reconventional demand, and it is set aside in so far as overruling in toto the said plea of lis pendens, and said plea is now sustained and the reconventional demand of the West-ern Louisiana Bank is dismissed as of non-suit as to $25,000 of same, plus interest and attorney's fees, being the same $25,000, plus interest and attorney's fees, which are being demanded in the executory process suit by said bank against the said Dawson in the parish of Ascension. The costs of this court to be paid by the Western Louisiana Bank.

MONROE, C. J., adheres to the opinion heretofore handed down.

OVERTON, J., is recused.