LAND, J.
This is an injunction suit instituted by the surviving widow in community of J. K. Boone, deceased, to restrain the administrator of his succession from selling certain real estate, and to remove said administrator for his alleged failure to deposit succession funds in bank, and for his alleged payment of debts of the succession without the order of the court, in violation of article 1156 of the Civil Code. This proceeding is in suit No. 4864, while the order for the sale of the real estate was obtained in suit No. 4779, entitled H. A. Boone v. William C. Boone et al. Both of these suits are on the docket of the Third judicial district court of Bienville parish, and were in the beginning consolidated for trial, but later the consolidation was set aside by the special judge. In suit No. 4779, H. A. Boone claims an indebtedness against the succession of J. K. Boone, deceased, on two promissory notes, executed by J. K. Boone and Wm. C. Boone, and payable to the order of H. A. Boone, and alleges that the sale of the real estate of said succession is necessary for the payment of said indebtedness to him.
The plaintiff widow in the injunction suit, No.'4864, alleges that said notes are “false and untrue claims” against the succession of J. K. Boone, and that said succession owes no debts, except legitimate law charges; that there is in the hands of the administrator the sum of $1,666 cash, arising from the sale of the movables of said succession, and that this sum is more than sufficient to pay such *211 charges; and that the real estate belonging to said succession should not be sold, for the reason that a further administration of the succession is unnecessary, and for the reason that she accepts the community purely and simply, and demands that all the property be delivered into her possession as widow in community and as usufructuary.
The plaintiff widow attacks the order obtained by the administrator for the sale of the real estate of the said succession on the ground that said order is illegal, null and void, because granted by a judge in an adjoining judicial district, instead of being obtained from the special judge appointed in this case, upon the recusation of the judge of the Third judicial district, whose law firm were counsel for H. A. Boone.
The judge of the Third judicial district recused himself in ^uit No. 4779 on September 25, 1917, and on that date the special judge accepted the appointment and was sworn in and entered upon the discharge of his duties. The order for the sale of the real estate was obtained from a judge of an adjoining judicial district, upon proof of the recusation of the regular trial judge, on December 17, 1917, after the appointment and qualification of the special judge.
Section 6 of Act 40 of 1880, relative to the recusation of district judges, provides:
“That for the trial of cases in which a district judge shall be recused, the lawyer or judge appointed under section two or three of this act, shall have and exercise the same powers as the judge (recused) may exercise in cases before his court in which no causes for recusation exist, and all orders and decrees rendered by them, or either of them, shall have the same force and effect as orders and decrees rendered by a district judge in cases where there is no cause of recusation.”
As the regular district judge of the Third judicial district recused himself, not for cause of interest, but because his law firm had been employed as advocates in the cause, he properly appointed under section 2 of said act a lawyer having the qualifications of a judge of the district court to try the recused ease. •
The special judge so appointed was the proper judge to have applied to for the order for the sale of the real estate in this case, as he was, for all judicial purposes, under section 6 of said act, the regular district judge of the Third judicial district pro hae vice. The language of the statute that the special judge “shall have and exercise the same powers as the judge (recused) may exercise in cases before his court in which» no causes for recusation exist” clearly excludes the idea that a judge of an adjoining district, under such circumstances, can have any jurisdiction to grant any order in the recused case. The situation presents the same legal aspect, therefore, as it would have presented if the order for the sale of the real estate of the succession had been obtained from the judge of an adjoining district, when the regular district judge was present and was not recused in the case.
Act 127 of 1910 provides:
“That wherever a district judge of any of the judicial districts of this state is absent from his judicial district, recused, or unable to act, on due proof thereof, it shall be lawful for the district judge of the adjoining judicial district to grant all such orders as the said absent, recused or incapacitated district judge could grant, if present, not recused and able to act.”
This act clearly refers to cases of recusation, before a special judge has been appointed and qualified; otherwise, it would be in direct contravention of section 6 of Act 40 of 1880, relative to the powers and duties of special judges appointed under said act. Act 127 of 1910 is legislation ex rei necessitate, and was not intended to apply in any case, where a special judge had been appointed and had qualified, and was present and was able to act. A different construction would enable the judge of an adjoining district to grant orclers contrary to those of the special *213 judge, if each had concurrent jurisdiction in the trial of recused cases, and such conflicting jurisdiction, in our opinion, was not intended by the law-making body of the state, when Act 127 of 1910 was passed. Its sole purpose was to provide relief as to the granting of judicial orders, where the regular judge of a judicial district was unable to act.
 As the order for the sale of the real estate of the succession of J. K. Boone was illegal, null, and void, for want of jurisdiction on the -part of the district judge granting said order, the injunction issued in suit 4864 rightfully issued and was properly perpetuated by the special judge. Counsel for defendant administrator attacks the order granting the writ of injunction in this case, and the validity and sufficiency of the injunction bond. The order for the writ was granted by the district clerk of Bienville parish, and the amount of bond was fixed by him in said order at the sum of $800, The affidavit of plaintiff annexed to the petition for injunction recites that Judge J. E. Reynolds is recused in the case. Section 4 of Act 48 of 1882, an act relative to the powers and duties of district clerks, provides:
“In the absence of the judge from the parish, or in case of his recusation, they shall have power” to grant writs of injunction.
Section 6 of said act provides:
“That when the clerk grants orders of injunction for a specific sum of money he shall require bond in an amount equal to one-half of the sum enjoined, and when the sale of specific property is enjoined by the defendant, or any third party, the bond shall be for an amount equal to one-half of the estimated value thereof, as certified to by the officer making the seizure, or an amount equal to one-half of the claim under which the seizure was made, at the option o{ the plaintiff in injunction.”
Whether based on one-half of the estimated value of the property, or upon an amount equal to one-half of the claim, the injunction bond in this case is insufficient.
Where the amount in which bond should be given has not been fixed by the judge, or the office authorized to do so, the injunction must be dissolved, and cannot be saved by invocation of the doctrine that an injunction will not be dissolved where it appears that another writ could be sued out immediately. Speyrer v. Miller, 108 La. 210 et seq., 32 South. 524, 61 L. R. A. 781. However, in the decision just cited we quoted with approval the cases of Lewis v. Daniels, 23 La. Ann. 170, and Savoie v. Thibodeaux, 28 La. Ann. 169, in which the court held that, where the amount of the bond fixed was insufficient, and it was manifest that the plaintiff would be entitled to renew the injunction, if the writ was dissolved, the motion to dissolve would be rejected. Speyrer v. Miller, 108 La. 216, 32 South. 524, 61 L. R. A. 781. Moreover, defendant did not invoke Act 112 of 1916, and serve notice on plaintiff in injunction that said bond was insufficient.
As the plaintiff in this case, because of the illegal order of sale of the real estate of the succession, would be immediately entitled to an injunction, should the present writ be dissolved, we decline to maintain the motion to dissolve for insufficiency of bond in this case.
This brings us to the consideration of the question of destitution of the administrator for his alleged failure to comply with article 1150 of the Civil Code, requiring the deposit of moneys collected by him in a chartered bank of this state allowing interest on deposits, and for his alleged violation of said article by payment of debts of the succession without order of the court.
Article 1150 of the Civil Code provides that— . !
“All executors, administrators, curators and syndics shall deposit all moneys collected by them, as soon as the same shall come into their hands, in one of the chartered banks of this state, or in one of their branches, allowing interest on deposits, if there be one in the parish. They shall keep a bank book in their official name, and shall on no account *215 withdraw the deposits, or any part thereof until a tableaux of distribution shall be homologated, or unless ordered by a competent court, and then only to pay such debts as may be ordered for payment. On failure to comply with the provisions of this section, they shall be condemned jointly and severally with their securities to pay to the use of the estate twenty per cent, interest per annum on the amount not deposited or withdrawn without authority, besides all special damage suffered, and shall be dismissed from office.”
The testimony in the case shows that the administrator failed to deposit in any bank in Bienville parish allowing interest on deposits, the sum of $1,051.81, or any part thereof, received by him from the sale of the movables of the succession and from notes, although there was such a bank in said parish. It further shows that after paying out, under order of the court, the sum of $267.55 for the main privileged debts of the succession, consisting of funeral expenses, attorney’s fees and court costs, he further disbursed without any order of the court, on the personal checks and orders of the surviving widow in community, plaintiff herein, and for her support, the sum of $410, and the additional sum in his favor of $215 on checks signed by the administrator. The administrator also paid out, without order of the court, the sum of $215, consisting of taxes and the sum of $57.50 for a monument. These disbursements made without any lawful authority exceeded the succession funds in his hands to the extent of $119.
 While a plea of equity against dismissal from office has been admitted by us iu a few cases where the administrator has satisfactorily shown that unauthorized payments were made in discharge of debts justly due by the succession administered by him, yet the payments of the sums by him to the widow in this case cannot be justly considered as debts of the succession, nor can the administrator plead estoppel against such illegal acts in avoidance of the penalty imposed by a prohibitory law founded in a wise public policy for the protection of funds intrusted to the fiduciaries administering the estates of deceased persons.
 The failure of the administrator in this case to deposit the succession funds in a bank in Bienville parish, within the jurisdiction of the court from which he received his appointment, is in itself sufficient grounds for his dismissal from office. This ground is purely statutory, and the statute is mandatory. A deposit of succession funds in a bank outside of the territorial jurisdiction of the court by which an administrator was appointed is neither an excuse for the violation of the statute nor a substantial compliance with it. Succession of Benton, 106 La. 504, 505, 31 South. 123, 59 L. R. A. 135; Succession of Christy, 6 La. Ann. 427, overruling Succession of Peytavin, 7 Rob. 477. In our opinion the facts justify the dismissal of the administrator.
As the rights of plaintiff to sue for penalties under said article were nonsuited, this question is not before us for adjudication in the present suit.
In the suit of H. A. Boone v. W. C. Boone et al., No. 4779 on the docket of the Third judicial district court, the plaintiff individually prays for judgment in solido against W. C. Boone and against the succession of J. K. Boone, for the amount of two notes, interest, and attorney’s fees, executed in favor' of plaintiff by W. C. Boone and J. K. Boone. He also prays for service upon himself as administrator of said succession, although’he alleges that the real estate of the succession has not been disposed of, and that the administration has not been closed.
While the plaintiff alleges in his petition that the heirs of J. K. Boone, naming them, have accepted the succession of deceased, and while he prays that citation issue to each of said heirs, he has not asked for any personal judgment against the heirs, among *217 whom he has named and included the surviving widow.
The heirs of J. K. Boone filed an exception of no cause nor right of action against this petition, which was properly sustained by the special judge. An administrator cannot sue in his own right the succession which he represents and vice versa, as administrator he cannot sue himself. Norres v. Hays, 44 La. Ann. 910, 11 South. 462; Ledoux v. Lavedan, 52 La. Ann. 315, 27 South. 196; Harris v. Pickett, 37 La. Ann. 741.
In the judgment rendered by the special judge in suit 4864, Mrs. Bettie Boone v. H. A. Boone, in which the injunction issued, we find that the claim set up against the estate of J. K. Boone by H. A. Boone on the two notes in suit No. 4779, styled H. A. Boone v. W. C. Boone et al., is held not binding on the estate of J. K. Boone, and that it is decreed that H. A. Boone has no debt against the said J. IC Boone’s estate by virtue of said notes.
As the surviving widow in community and usufructuary has accepted the community of acquests and gains existing between her and her late husband; as all of the heirs of J. K. Boone, deceased, are of age, and the administrator of his succession has been dismissed from office, H. A. Boone, if a creditor of the community, has his right of action against the widow in commnuity for all the indebtedness he claims, and also the right to make the heirs of J. K. Boone parties to such suit, and to call upon them to accept or reject the succession of J. K. Boone, if they have not done so.
For the reasons assigned, the judgment appealed from is therefore amended by reserving the right of H. A. Boone individually to test the validity of said claims in a suit against the surviving widow in community and the heirs-of J. K. Boone, deceased, and said judgment, as amended, is affirmed. Appellee to pay cost of appeal.