The judgment appealed from is therefore affirmed.

———

(112 So. 397)

No. 28125.

## MODISETTE & ADAMS v. LORENZE.

Feb. 28, 1927. Rehearing Denied March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. Attachment ⬅47(4)—Plea to jurisdiction, averring attachment defendant, alleged nonresident, had domicile in state, held not supported by evidence that he only stopped occasionally.

In suit wherein plaintiffs obtained writ of attachment on averment that defendant was nonresident, defendant's plea to jurisdiction on ground that his domicile was in state at hotel, where evidence showed he only stopped occasionally, was without merit.

2. Appearance ⬅19(1)—Attachment defendant waived right to plead to jurisdiction of person by obtaining time to answer without reservation.

Attachment defendant waived his right to plead to jurisdiction of court ratione personæ by first asking for, and obtaining, further time to answer suit, without any protest or reservation.

3. Parties ⬅92(2)—Pleas of misjoinder of defendants, based on denials of allegations in petition, held properly overruled as defenses on merits.

Pleas of misjoinder of parties defendant, founded on contradictions or denials of allegations of fact in supplemental petition, were defenses to suit on merits, and hence properly overruled.

4. Appeal and error ⬅1010(1)—Decision that land attached belonged to holder of record title will be affirmed, in absence of other direct evidence of ownership.

In absence of direct evidence of ownership of property attached, except admission that title was recorded in name of certain corporation,

decision that land belonged to it will be affirmed on appeal.

5. Attachment ⬅308(2)—Burden was on intervening corporation and controlling stockholder to prove it owned movable property attached as his.

Burden was on corporation and its president and controlling stockholder to prove that it owned movable property, seized as his under writ of attachment, as alleged in its petition of intervention or third opposition.

6. Attorney and client ⬅166(3)—Judgment for amount of attorneys' fees originally sued for, rather than increased amount claimed in supplemental petition, held proper.

Judgment for amount of attorneys' fees originally sued for, entered on plaintiffs' books in defendant's account, and appearing in statements rendered him before and after suit was filed, *held* proper, in absence of just reason given for increasing fees to amount claimed in supplemental petition.

7. Libel and slander ⬅34—Attachment defendant's letter to sheriff, containing scandalous accusations as to professional conduct of attorneys obtaining writ, held not privileged.

Defendant's letter to sheriff, containing scandalous epithets concerning, and accusations as to professional conduct of, attorneys, in aid of whose suit for fees defendant's property was seized under writ of attachment, *held* not a privileged communication.

8. Libel and slander ⬅25—One dictating letter to amanuensis, mailing it without requesting addressee to consider it confidential, and inviting another to read it, published libel therein.

One dictating letter to amanuensis in hotel, mailing it to sheriff, who seized his property under writ of attachment, without request to consider it confidential, and writing to attorney not then employed by him to read letter, which was read by such attorney and others, published libel therein against attorneys suing out writ in aid of their suit for fees.

9. Libel and slander ⬅121(1)—$500 for humiliation and ridicule, caused by scandalous charges in letter against attorneys not injured thereby in others' estimation held not excessive.

$500 damages for humiliation and ridicule, caused by insulting epithets and scandalous charges in letter against attorneys, not injured thereby in estimation of those who read or heard of letter, *held* not excessive.

10. **Appearance** ⬤⇒24(11)—**Formal defect in return as to mode of serving attachment on nonresident held immaterial, where he appeared and obtained further time to answer (Code Prac. art. 254).**

Defect in sheriff's return, reciting that he served writ of attachment, and citation on nonresident defendant "on the front door of the courthouse," not that he affixed copies thereof on door of courtroom, as required by Code Prac. art. 254, was of no importance, where defendant appeared and obtained further time to answer suit.

11. **Appeal and error** ⬤⇒190(1)—**Complaint of failure to limit amount of surety's liability in attachment bond is too late on appeal (Act No. 112 of 1916).**

Complaint of failure to limit amount of surety's liability in attachment bond is too late on appeal, as it should be made in district court in such a way as to allow plaintiffs opportunity to correct error or furnish new bond under Act No. 112 of 1916.

Appeal from Fifteenth Judicial District Court, Parish of Acadia; W. W. Bailey, Judge.

Suit by Modisette & Adams, against Abraham Lorenze, in which the Arkansas Valley Oil Company filed a petition of intervention or third opposition. From a judgment for plaintiffs against defendant in an unsatisfactory amount and a judgment for intervener, plaintiffs appeal. Amended, and affirmed as amended.

Modisette & Adams, of Jennings, pro se.

H. K. Strickland, of Baton Rouge, for Arkansas Valley Oil Co., third opponent.

O'NIELL, C. J. This suit was brought by a law firm claiming $500 for professional services and $72.55 reimbursement for money paid for the defendant's account. Averring that the defendant was not a resident of the state, the plaintiffs obtained a writ of attachment, by virtue of which the sheriff seized a small tract of land and a lot of drilling machinery, pipe, fittings, etc. An Oklahoma corporation, styled Arkansas Valley Oil Company, filed a petition of intervention or third opposition, claiming the property seized, and praying for dissolution of the attachment. The defendant, Lorenze, who was then in Washington, Pa., was informed of the suit and seizure by letter from the sheriff, and, in reply, wrote a letter to the sheriff, applying some very insulting epithets and making scandalous charges against the plaintiffs. Thereupon they filed a supplemental petition, making the Arkansas Valley Oil Company a party defendant, increasing their claim for attorneys' fees to $2,900, and claiming $5,000 damages for the libelous letter of the defendant, Lorenze. They alleged that two of the five lawsuits in which their professional service was rendered were filed on behalf of the Arkansas Valley Oil Company, and that the company owed the fees, amounting to $1,500, for the two suits. They made the same claim in their answer to the oil company's petition of intervention or third opposition. The defendant, Lorenze, excepted to the jurisdiction of the court, averring that his domicile was at the Rigmaiden Hotel, in Lake Charles, La., and that he was therefore not a nonresident of the state. Evidence was heard on the exception, and it was overruled. Lorenze and the oil company, of which he was president, then filed pleas of misjoinder of parties defendant, which were overruled. Answering the original and the supplemental petition, the defendants denied liability, and, in defense of the charge of libel, Lorenze pleaded that his letter to the sheriff was a privileged communication. The court gave judgment in favor of the plaintiffs and against Lorenze for the $572.55 originally sued for and for $500 damages for libel. At the same time the court gave judgment in favor of the oil company, declaring the company to be the owner of the property attached, and dissolving the writ of attachment. Lorenze was condemned to pay all costs, except those incurred in the attachment of the property, which the plaintiffs

were condemned to pay. The plaintiffs have appealed from the judgment, and Lorenze, answering the appeal, prays for dismissal of the suit.

[1, 2] We agree with the district judge that there was no merit in Lorenze's plea to the jurisdiction of the court. It was proven on the trial of the plea that he had no domicile at the Rigmaiden Hotel in Lake Charles, but only stopped there occasionally, as other transient guests did. Besides, he waived his right to plead to the jurisdiction of the court ratione personæ by first asking for and obtaining further time in which to answer the suit, without any protest or reservation whatever.

. [3] The pleas of misjoinder of parties defendant were founded upon contradictions or denials of certain allegations of fact contained in the supplemental petition, and were therefore defenses to the suit on its merits. The plaintiffs claimed that the two defendants were liable in solido to the extent of $1,500, because, in their transactions with Lorenze, he sometimes acted for himself and sometimes as president of the oil company, and because the services which they rendered. to the extent of $1,500, inured to the benefit of both defendants. The judge was right, therefore, in overruling the plea of misjoinder of parties defendant, and in thus leaving the question of the oil company's liability to be determined by the final judgment on the merits of the case.

[4, 5] There was no direct evidence offered on the trial of the case as to the ownership of the property attached, except an admission that the title to the land was recorded in the name of the Arkansas Valley Oil Company. Therefore we affirm the decision that the land belonged to the oil company. The record does not disclose whether the movable property seized, consisting of drilling machinery, pipe, fittings, etc., was on the land that was seized or elsewhere. The allega-

tion in the oil company's petition that the company owned the property was verified only by the affidavit of the attorney for the company, and only "to the best of his information, knowledge, and belief, on information received from the president of the company." Considering that Lorenze was the president and controlling stockholder of the company, and was therefore better informed than any one else as to who owned the machinery that was seized, we maintain that the burden was upon him and the company to prove the fact, if it was a fact, that the company owned the movable property seized as his property, as alleged in the petition of intervention or third opposition. There is enough evidence on the subject of Lorenze's transactions to sustain the presumption that he owned the movable property that was seized. The judgment appealed from is therefore wrong in so far as it declares the oil company to be the owner of the movable property seized.

[6] In other respects we find no error in the judgment. The five lawsuits for which the plaintiffs demanded fees amounting to $2,900 in their supplemental petition were the same five lawsuits for which they demanded for their services only $500 in their original petition in this suit. The charge of $500 was entered on the plaintiffs' books, in the account against Lorenze, and appeared in the statements rendered him before and after this suit was filed. There was no justification, or just reason given, for increasing the fees charged for the services rendered in the five suits from $500 to $2,900.

[7-9] The contention of Lorenze that his letter to the sheriff was a privileged communication is not well founded. The scandalous epithets and accusations against the plaintiffs as to their professional conduct were not at all relevant or pertinent to Lorenze's communication with the sheriff. It is contended in Lorenze's brief that the al-

leged libel was not published, or made known to any one except the sheriff, until the plaintiffs made it known. We agree with the district judge that the libel was published by Lorenze. He dictated the letter to an amanuensis, in a hotel in Washington, Pa., and mailed it to the sheriff in Crowley, La., without any request to consider the matter as a confidential communication. On the contrary, he wrote to an attorney at law in Crowley, not then employed by him, to read the letter which he had written to the sheriff, and the attorney did read it, as did others. The charges contained in the letter were false and libelous; but the evidence shows that, because of the well-known good character of the plaintiffs, they were not injured at all in the estimation of those who read or heard of the letter. They were greatly humiliated and outraged by the insulting epithets and scandalous charges against them, and were subjected to ridicule by friends who jokingly twitted them about the matter, for all of which annoyance the damages were not assessed too high by the district judge.

[10, 11] Lorenze complains of a defect in the sheriff's return on the writ of attachment and of a defect in the attachment bond. In the sheriff's return it is said that he served the writ of attachment and citation on the front door of the courthouse, which is very much the same as to say that he affixed copies of the documents on the door of the courtroom, as required by article 254 of the Code of Practice, for service on a nonresident. That, however, was of little importance, after Lorenze appeared and asked for, and obtained, further time for answering the suit, and thereby tacitly waived all questions of formality in the method of his being cited. The complaint about the attachment bond is that the line on which the amount should have been stated was left blank, and the liability of the surety was therefore unlimit-

ed. The judge's order was for a bond of only $200. Conceding, for sake of argument only, that the failure to limit the amount of the surety's liability in the bond itself was a serious omission, the complaint comes too late. It should have been made in the district court, in a way that would have allowed the plaintiffs an opportunity to correct the error or omission or to furnish a new bond, as provided by the Act 112 of 1916, p. 241. Hurry v. Hurry, 144 La. 877, 81 So. 378; Bilich v. Mathe, 149 La. 484, 89 So. 628; Boone v. Boone, 152 La. 208, 92 So. 861; Lampton Realty Co. v. Kerr, 154 La. 843, 98 So. 266.

The judgment appealed from is amended so as to reject the demand of the Arkansas Valley Oil Company to be declared the owner of the movable property attached, so as to maintain the writ of attachment on said movable property, and so as to condemn the defendant, Lorenze, to pay all costs incurred in the district court, except the costs incurred in the seizure of the real estate belonging to the Arkansas Valley Oil Company, which costs only are to be borne by the plaintiffs. As thus amended, the judgment appealed from is affirmed. The Arkansas Valley Oil Company is to pay the costs of this appeal.