No. 3445

Second Circuit

(Second Division)

COLLINS v. McCOOK

(July 16, 1931. Opinion and Decree.)

Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellee.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellant.

STEPHENS, J. The defendant, A. J. McCook, a resident of Caddo parish, La., instituted suit No. 18723 on the docket of the Tenth district court, parish of Natchitoches, against J. T. Collins, plaintiff herein, a resident of Union county, Ark., for the sum of $659.40. In said suit, a writ of attachment was sued out, and certain property of Collins seized, upon the ground that he was a non-resident of the state. Judgment was rendered for the sum sued for, and maintaining the writ of attachment. Subsequently, the judgment was executed against the property, and McCook, defendant herein, purchased the same at sheriff's sale for $184. The sheriff deducted $71.80, the costs of the proceeding, and returned the writ as satisfied to the extent of the difference, which is $112.82.

The purpose of this suit is to annul that judgment and the sale resulting therefrom, because of certain alleged irregularities in the proceeding by which the judgment was obtained.

The defendant filed an exception of no cause or right of action, founded on the proposition that plaintiff's exclusive remedy was by appeal. The exception was overruled, and the defendant answered, denying the existence of the alleged irregularities, and asserting the legality of the judgment and subsequent proceedings, but in the alternative praying that, if it be held that the judgment attacked be a nullity, he should recover against the plaintiff the sum of $659.41 (which was the amount sued for in the attachment proceeding), in reconvention.

Judgment was rendered in favor of the plaintiff by the district court, annulling the judgment formerly rendered, and in favor of the defendant on his reconventional demand for the sum of $112.85. The defendant appealed and the plaintiff answered the appeal, praying that the judgment upon the reconventional demand be reversed and rejected, and that otherwise the judgment be affirmed.

Plaintiff urges a number of grounds of nullity of the judgment, among which are the following:

(1) That the judgment rendered is not one in rem, but a personal judgment.

(2) The cause of action arose in another state where both plaintiff and defendant were domiciled; and that the trial court was without authority to entertain jurisdiction.

(3) The curator ad hoc was appointed before the sheriff executed the writ of attachment and before return was made thereof.

(4) That the service was invalid, null, and void.

It is only necessary to discuss the last stated of these grounds of nullity, as the record discloses that the service of process was fatally defective. The law governing procedure against a non-resident, as it relates to the service of process when writs of attachment are caused to be issued, is found in articles 254 and 255 of the Code of Practice.

"Art. 254 (as amended by Act 9 of 1926). If, on the contrary, the defendant has no known place of residence, conceal his person, be absent or reside out of the State, in such case the sheriff shall serve the attachment and citation by affixing copies of the same on the door of the room where the court in which suit is pending is held; or on a bulletin board located near the entrance to the said court room."

"Art. 255. In the latter case, the sheriff must keep the copy of the petition, in order to deliver the same to such party, should he appear, or to the advocate appointed to defend him, in his absence."

The return of the sheriff on the citation reads as follows:

"Served certified copies of the within Citation, and the Petition A. J. McCook thereto annexed, in person upon Henry Breazeal, Curator ad hoc in the Parish of Natchitoches no miles from the Court House on the 26th day of January. 1927.
"H. H. Hathorn, Deputy Sheriff."

The sheriff's return on the writ of attachment reads:

"I do hereby certify that I served a true copy of the within writ by delivering same to H. H. Breazeale and curator in person on the 26th day of January 1927."

It will thus be seen that none of the requirements of the law have been complied with, except that the petition was properly served on the curator ad hoc, and even in this respect, as contended by counsel for the plaintiff, the service was prematurely made. The citation and the writ of attachment should have been posted in accordance with the law "on the door of the room where the court in which suit is pending is held; or on a bulletin board located near the entrance to the said court room."

The failure of the sheriff to post the citation and writ renders the service and seizure invalid; and, as the jurisdiction of the court is founded on the validity of the seizure in an attachment proceeding against a non-resident, the judgment and resulting sheriff's sale is likewise invalid, null, and void.

In Pugh v. Flannery, 151 La. 1063, 92 So. 699, 701, it was held:

"It is the established law of this state that a writ of attachment in the case of a non-resident is not merely a conservatory writ, but is the basis and foundation of jurisdiction, which cannot be acquired except under the very letter of the law allowing process."

The following excerpt from Putnam v. President, etc., of Grand Gulf R. & Banking Co., 3 Rob. 232, has been quoted approvingly in many cases since decided:

"We have repeatedly held that the formalities prescribed by article 254 of the Code of Practice, stand in lieu of a citation, and that they form the basis on which all the subsequent proceedings in the cause must rest. * * * This could not, in our opinion, cure the radical defect, which rendered null and void all that had been done in the suit, after the filing of the petition."

An attempt was made during the trial of this case to show by parol that a proper legal service had been made. The testimony tendered was objected to on the ground that the only evidence of service that should be admitted is the sheriff's returns on the citation and writ. The court, in effect, admitted the evidence subject to the objection. We are of the opinion that the legality of the service, the jurisdiction of the court, and the validity of the judgment and sale, must be determined solely upon what is contained on the face of the sheriff's returns on the citation and writ of attachment. Evidence of the service of process aliunde should have been excluded. Leblanc v. Perroux, 21 La. Ann. page 26; Harris v. Alexander, 1 Rob. 30.

However, we may state in this connection, that if the parol evidence which was thus admitted be considered, it does not establish that legal service was made, but tends to show the contrary.

We think the district court correctly overruled the exception of no cause or right of action. The plaintiff Collins' right of appeal on tne judgment rendered in the attachment proceeding was not his exclusive remedy. He was entitled to assert his right in an action of nullity. The case falls clearly within the provisions of article 606 of the Code of Practice, which authorizes actions of nullity for vices of form. As Collins, the defendant in the attachment proceeding, was not legally cited, the seizure was invalid, and the court was without jurisdiction of the subject-matter.

The plaintiff, in his answer to the appeal, attacks the judgment, rendered against him by the district court on the reconventional demands, upon the following grounds:

(1) The court erred in assuming jurisdiction of the reconventional demand, since the cause of action was a contract between the parties entered into in a sister state having jurisdiction of both the plaintiff and defendant.

(2) That such cause of action could not be asserted in an action of nullity when plaintiff submitted himself to the jurisdiction for no other purpose than to vindicate his rights.

(3) That the judgment in reconvention was based on testimony received over objection, and wholly insufficient to warrant the judgment.

No authority is cited for the first of these contentions. The state of Arkansas is to the same extent, and for the same reason, without jurisdiction of the person of the defendant McCook as the state of Louisiana is without jurisdiction of the person of the plaintiff Collins. McCook is a resident of Louisiana, and Collins is a resident of Arkansas, and, that being true, it is immaterial as to where the cause of action arose. The question is, as presented by plaintiff's second assignment of error: Did the plaintiff submit himself to the jurisdiction of the Louisiana court by in-

voking its relief from the operation of a void judgment?

We are advised in brief that the trial court was of the opinion that the question should be answered in the affirmative, on the authority of Andrews v. Sheehy, 125 La. 218, 51 So. 122.

The Supreme Court did not pass on the question in Andrew v. Sheehy, but refused to do so because it was presented for the first time in brief on appeal.

Article 375 of the Code of Practice reads, in part, as follows:

"Provided, that, when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to the main cause of action. * * *"

In the case of Dawson v. Frazar, 150 La. 203, 90 So. 570, 571, the Supreme Court said in its original opinion, after quoting the above from article 375 of the Code of Practice:

"The law thus referred to, draws no distinction between those who go into court through necessity to protect or to assert their rights and those who go in for other reasons, if such other there be; the idea being that, if each of two persons has a claim against the other and they reside in different places, the one who is sued shall have the right to assert his claim at the same time and in the same forum that he is compelled to defend against the claim of the other."

Mr. Justice Provosty dissented from the majority of opinion in Dawson v. Frazar, but, on rehearing, was the organ of the court, and used the following language:

"Dawson's learned counsel recognize that personal jurisdiction of a non-resident is acquired by his voluntary appearance, but contend that the appearance of Dawson for suing out the injunction was not voluntary, but forced, in order to protect his property against an illegal seizure.

"No process of the court compelled Dawson to appear; hence his appearance was voluntary. Indeed, as a matter of fact, he might have exercised his legal rights through the curator ad hoc, and thus personally kept away."

We believe it clearly the law that, if a non-resident invokes the jurisdiction of a court in this state for any purpose, he thereby submits himself to the jurisdiction of the court for all purposes. The same rule obtains generally throughout the states. We find it stated in 2 R. C. L. page 333, as follows:

"Such an appearance (an appearance as here for the purpose of attacking a void judgment for want of service of process), however, is unquestionably a submission of the person of the defendant to the jurisdiction of the court for further proceeding, after the vacation of the judgment, without further process. One against whom a judgment has been entered without jurisdiction of his person submits himself to the jurisdiction of the court by appearing for the purpose of quashing a garnishment proceeding to subject his property to the satisfaction of the judgment, and to contest a motion to amend the return of service."

We find no error in the conclusion of the trial judge that the evidence was sufficient to support the reconventional demand. The amount allowed is correct; it being the sum credited to the plaintiff by virtue of the sheriff's sale, which has been decreed a nullity.

The judgment appealed from is therefore affirmed.