**ADAMS v. ROSS AMUSEMENT CO., Inc.**

No. 1395.

Court of Appeal of Louisiana.
First Circuit.

Dec. 4, 1934.

Jules F. Landry, Frances Leggio Landry, and Jos. A. Loret, all of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellees.

ELLIOTT, Judge.

William H. Adams brought suit against Ross Amusement Company, Inc. He alleged that it was indebted unto him in the sum of $3,540, with interest; that it was a nonresident corporation, and, for the purpose of jurisdiction, prays that a writ of attachment issue under which movable property alleged to belong to it, situated within the jurisdiction of the court, was attached as prayed for.

Hal J. Ross and Jane Shannon, nonresidents, appeared and intervened in the suit. They alleged that the property which had been attached belonged to them, prayed for permission to bond the property, and ruled Adams into court to show cause why his attachment should not be dismissed on the ground that the property belonged to them.

Adams then alleged by amended and supplemental petition that since the filing of the suit he had received information which led him to believe that Ross Amusement Company, Inc., might not be a corporation, but either a partnership composed of Hal J. Ross and Jane Shannon or Hal J. Ross doing business under the name of Ross Amusement Company, or Hal J. Ross and Jane Shannon doing business under the name of Ross Amusement Company. And, in case it be found that Ross Amusement Company is not a corporation, he then, in that event, alternatively alleged that Ross Amusement Company is a partnership composed of Hal J. Ross and Jane Shannon. And, in case it is found that Ross Amusement Company is neither a corporation nor a partnership, he then

in that event alleged that Ross Amusement Company is Hal J. Ross and Jane Shannon doing business as Ross Amusement Company. And, in the event it is found that Ross Amusement Company is neither a corporation nor a partnership, and that Hal J. Ross and Jane Shannon are not doing business as Ross Amusement Company, he then in that event and alternatively alleged that Ross Amusement Company is Hal J. Ross, doing business as Ross Amusement Company. He prayed that Hal J. Ross and Jane Shannon be cited to appear and answer his original and amended and supplemental petition, and, after due proceedings had for judgment against Ross Amusement Company, whether a corporation or partnership, and Hal J. Ross and Jane Shannon in solido for $3,540, with interest.

He then appeared in response to the rule that had been issued to him at the instance of Hal J. Ross and Jane Shannon, and, pleading their nonresidence and that their rule should have been in the form of a petition, he alleged in reconvention against them that he purchased a ticket of a corporation or partnership or individuals, doing business under the name of Ross Amusement Company, which corporation or company or individuals was operated by Hal J. Ross and Jane Shannon, and that the said Ross and Jane Shannon were, in consequence, indebted unto him in solido in the sum of $3,540 on account of his injuries, sustained as alleged in his original and amended and supplemental petition, and prayed for judgment against them accordingly.

Hal J. Ross and Jane Shannon, then "appearing solely for the purpose of their exception, reserving all rights, plead want of citation." This exception was sustained, but Adams was allowed until July 12, 1934, to have the said Ross and Jane Shannon cited.

William H. Adams has appealed.

The record shows that William H. Adams brought a suit against Ross Amusement Company, Incorporated, as stated, claiming that this company was indebted unto him in the sum of $3,540, with interest as damages. The writ of attachment and the sheriff's return are not in the record, so we cannot say exactly when the seizure was made, but it was likely done on or about April 13, 1934.

On April 21, 1934, Hal J. Ross and Jane Shannon appeared by petition of intervention in the suit, and alleged ownership of the property. They alleged that Hal. J. Ross was the owner of the flooring and seats and Jane Shannon of the truck; prayed that the property be released to them on bond as provided for by law. They ruled Adams into court to show cause why Hal J. Ross should not be decreed to be the owner of the flooring and seats and Jane Shannon of the truck, why the attachment should not be dismissed and interveners entitled to the immediate possession of the property, and for all necessary orders and decrees and for general and equitable relief in the premises.

They obtained an order permitting them to bond the property and directing William H. Adams to appear on April 25, 1934, and contest with them the ownership of the property, to show cause why the property should not be decreed to belong to them, the attachment dismissed, and the property delivered to them.

On April 23, 1934, Adams appeared and filed an amended and supplemental petition, making allegations and praying for judgment as heretofore stated.

On April 26, 1934, Adams appeared again and answered the rule which had been issued to him at the instance of Hal J. Ross and Jane Shannon. In his answer he denies that they are the owners of the property, but, in the event it be found that they are, that they are then, for the reasons heretofore stated, liable to him on account of his injuries. He prayed for judgment against them rejecting their demand for the dissolution of the attachment and that he have judgment in reconvention against them in solido for $3,540 on account of his injuries and damages received as above stated.

On May 28, 1934, said Ross and Jane Shannon appeared in the suit, each stating that they appeared "solely for the purpose of this exception, and reserving all rights, plead want of citation." This exception was sustained, the judgment stating that Adams is allowed until July 12, 1934, to have said Ross and Jane Shannon cited.

There is nothing in the record nor in the briefs to the effect that it was possible for Adams to have the interveners Ross and Jane Shannon cited to answer the original and amended and supplemental petition. They were not cited, and the judgment sustaining their exception to that effect would, as far as they are concerned, have terminated the suit, were it not that each of them have come into court in personam by means of a petition of intervention to have themselves recognized as the owners of the property, to obtain the dissolution of the attachment and the release of the property, and, having called Adams into court to contest their right, his answer to.

their rule and demand in reconvention against them, holds them in court as if they had been cited.

It is true, as claimed by Hal J. Ross and Jane Shannon, the property was under seizure, at the time they intervened, as belonging to Ross Amusement Company, Inc., and not under writs issued against them, and that no notice of seizure was served on them, but their appearance shows that they got notice of the seizure and appeared in personam to assert their claim and have the property released.

Interveners say in their brief, page 5: "But if the intervenor has made no claim against the plaintiff and has appeared for no other purpose than to claim ownership of the property attached, then when the court holds that the intervenor is the owner of this property, this intervenor is then out of court and cannot be held within the jurisdiction of the court for any other purpose without personal service."

In the present situation the record shows that interveners came into court due to the attachment, and ruled the attaching creditor into court in order that the question of ownership vel non might be, by the court, determined between them. The attaching creditor appeared in response to their rule, and not only put their alleged ownership at issue, but, acting under the provisions of Code Prac. arts. 362, 363, 374, 375, he alleged that, if interveners were the owners of the property, they were, in that event, his debtors, and demanded of them in personam the amount due him.

In such a situation the demand of the interveners as to Adams is the principal demand, and that of Adams against them is an incidental demand, which, under the law, Code Prac. art. 154, must be decided at the same time as the principal demand.

The demand in reconvention having been filed on April 26, 1934, and the exception to the citation not having been filed until May 28, 1934, the jurisdiction of the court in personam as to the interveners had attached and could not be defeated by the exception.

The subject of intervention is provided for in Code Prac. art. 389 et seq. Article 392 provides that: "The plaintiff in intervention must institute his demand before the court in which the principal action has been brought; *being considered as plaintiff, he must follow the jurisdiction of the defendant.*" (Italics ours.)

"This *petition* must be served on the party against whom it is directed, in order that he may answer to the same in the delay given in ordinary suits." Article 393. (Italics ours.)

The merits of the intervention must be acted on at the same time as the principal action. Article 394.

In Andrews v. Sheehy, 125 La. 217, 51 So. 122, the facts are different from those upon which the present case is based, but the decision rests upon the same principle.

We quote clauses 4 and 5 of the syllabus as follows:

"4. Where, in a suit by a nonresident to annul a judgment for want of citation and of jurisdiction in the court, the party by whom such judgment was obtained answers, defending its validity, and praying that it be maintained, there is nothing inconsistent in his assuming the character of plaintiff in reconvention, and, in the alternative, asserting, and praying for judgment on, the original demand, in the event the validity of the judgment attacked is not sustained.

"5. Where a nonresident, suing to annul a personal judgment rendered through a curator ad hoc, is met with a demand in reconvention (made in the alternative) for judgment as in the original suit, and he invokes the jurisdiction of the court for the determination of the questions, whether such demand discloses a cause of action and can be made in the alternative, he cannot afterwards, and on the appeal, be heard to raise the question that, having gone into court solely for the purpose of having an illegal judgment so declared, he did not submit himself to the jurisdiction for any other purpose."

In Dawson v. Frazar, 150 La. 203, 90 So. 570, we quote the syllabus as follows: "Where a plaintiff enjoining the execution of a writ of seizure and sale is a resident of another state, a court of this state is vested with jurisdiction to entertain a reconventional demand, based on any cause of action that the defendant may have, whether it be incidental to, or connected with, the main cause of action or otherwise." Martel Syndicate v. Block, 154 La. 869, 98 So. 400, and Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869, and Collins v. McCook, 17 La. App. 415, 136 So. 204, are to the same effect.

The fact that Ross and Jane Shannon voluntarily appeared and prayed that the resident plaintiff be ruled into court in order to contest with them their alleged right of ownership and possession differentiates the present case from that of Chapman v. Irwin, 187 La. 920, 103 So. 263, and Modisette & Adams v. Lorenze, 163 La. 505, 112 So. 397. We also take into account Act No. 228 of 1924, § 1,

par. 4. Omitting the first part of the paragraph, we quote as follows: "Provided, further, that in no such case, if the answer sets forth a legal cause for action by way of reconventional demand and is properly verified, shall the plaintiff be entitled in any event to a judgment for more than the difference between the amount found to be due the plaintiff and the amount of the reconventional demand, and in any such case jurisdiction of the cause shall be retained by the Court as regards the balance of the plaintiff's claim and the defendant's reconventional demand."

Such being the situation, the judgment appealed from cannot have the effect of dismissing Hal J. Ross and Jane Shannon from the suit in so far as concerns the demand in reconvention, made on them by Adams, as to which no citation is necessary.

To the extent that it does it is erroneous, and as such and to the extent stated it is annulled, avoided, and set aside, and it is now ordered that the case be remanded to the lower court and restored to the trial docket to be proceeded with in the matter of the trial of the issue created by the answer of Adams to the rule issued to him and his demand in reconvention against Hal J. Ross and Jane Shannon in conformity with the views herein expressed; interveners-appellees to pay the cost caused by the exception in the lower court and the cost of appeal.