EASTERN DIS.
*March*, 1834.

BURKE
*vs.*
ERWIN'S HEIRS

---

### BURKE *vs.* ERWIN'S HEIRS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT OF THE PARISH OF IBERVILLE.

The amount claimed, and not the amount of the judgment, determines the right of appeal.

The signature of the appellant to the appeal bond, is not essential.

The omission of some of the defendants to appeal, cannot affect the right of the others to do so.

The plaintiff claims of the heirs and legal representatives <span style="float:right">EASTERN DIS. *March,* 1834.</span> of the late Joseph Erwin, according to their virile shares, the sum of five thousand dollars, as a compensation on a <span style="float:right">BURKE *vs.* ERWIN'S HEIRS.</span> *quantum meruit* for his professional services as attorney at law, rendered to the estate of the deceased.

Two of the defendants did not appear. The others pleaded the general denial.

On the trial, Clement, one of Erwin's executors, testified that the plaintiff was retained by the executors, as the sole counsel in all the legal business of the estate, and in that capacity he appeared in all the suits mentioned in his account on file, in this suit. No fees were fixed, the plaintiff said they should be reasonable, and it was understood, though not expressed at the time, between plaintiff and the executors, that they would give him one half of their commission for his legal advice, and in consideration of this, he was to charge at a low rate for his services to the estate.

Five members of the bar testified that it was impossible to specify precisely the value of the plaintiff's services in the suits, because the particulars were not fully disclosed, but they concurred in estimating the whole amount of the services, at a sum greater than that allowed by the verdict of the jury.

The plaintiff excepted to the refusal of the judge *a quo*, to permit a witness to be asked if it were not within his knowledge, that the plaintiff had been applied to by several debtors of the estate to a large sum, to act as their counsel. The defendants excepted to the judge's refusal to admit a document, to prove that in a certain case the full amount of the judgment in favor of the estate had not been received on the sheriff's sale under execution.

The cause was submitted to a jury, who returned a verdict for the plaintiff for one thousand four hundred and thirty dollars, being the one half of the whole amount due by the succession, to be paid by the defendants according to their virile shares. Judgment was rendered accordingly, but without prejudice to the plaintiff's right against the defendants, who had not appeared. The largest virile share of any

41

EASTERN DIS.
*March,* 1834.

BURKE
*vs.*
ERWIN'S
HEIRS.

defendant, was two hundred and thirty-eight dollars and thirty-three and a half cents.

A motion by defendants for a new trial, on the usual grounds, that the verdict was contrary to law and evidence, was overruled.

The defendants, who had appeared, filed their petition of appeal. Their names were all stated in the appeal bond, but five of them omitted to sign it. There was but one surety on the bond. The penalty of it was two thousand five hundred dollars, the sum ordered by the judge.

*Davis,* for plaintiff and appellee, moved to dismiss the appeal on the following grounds:

1. Judgment is against each of the defendants for his virile share, and the virile share of no one defendant exceeds three hundred dollars.

2. The reversal of the judgment as to one, would not operate a reversal as to any other.

3. Some have not appealed: such cannot be benefited or injured by the results of this appeal.

4. The bond is insufficient: no one heir is responsible upon the bond, unless as security, except to satisfy the judgment against himself. He should give security, therefore, for one half more than his own judgment.

5. If the heirs are responsible as securities for each other, the bond is bad, because all the parties to it have not signed, and the others are consequently not held.

6. The security, Joseph Thompson, is not held, because all the parties named in the bond have not signed; he signed upon the faith of all, not of a part.

7. If the bond is insufficient as to one, and it must be for the party who has not signed. The whole bond is bad, if the appeal is one and integral, and the appeal must be dismissed.

8. If the appeal is not one and integral, the court is without jurisdiction, because the amount of one judgment cannot be added to the amount of another to give this court juris-

diction, when the defendants are neither jointly, nor jointly and severally, liable for the amounts of the different judgments. Joseph Thompson, signs as a·security for all the defendants in one bond. This is bad, because all the defendants have several, not joint liabilities, and one surety cannot be received in the same bond, to different and several obligations.

EASTERN DIS.
March, 1834.

BURKE
vs.
ERWIN'S
HEIRS.

9. The parties, defendants, are joined in the court below, in the application for a new trial. If any one had not joined, he would have been concluded by the verdict and judgment. Therefore, the appeal is not joint, but several. *Code of Practice, articles* 570, 575. As to that ¨part of the article which relates to a *judgment* for *a specific sum, art.* 579, *art.* 874. *Prevost and wife* vs. *Greig et al.* 5 *N. S.* 87.

10. The security in this case could not call upon any of the debtors, for the whole amount of the bond.

MARTIN, J., delivered the opinion of the court.

The plaintiff claimed from each of the defendants, his virile share of five thousand dollars, alleged to be due him for professional services in the settlement of their ancestor's estate.

ʃ Two of the defendants did not appear, the others pleaded the general issue.

There was a verdict and judgment for the plaintiff, and the defendants appealed, after an unsuccessful effort to obtain a new trial.¨

A dimissal of the appeal was prayed, on the grounds that the virile share of none of the defendants amounted to more than two hundred and fifty dollars, on account of the insufficiency of the bond, which was not subscribed by all the the appellants, and which was for too small a sum, and on account of the defendants not having appealed.

We are of opinion, the appeal ought not to be dismissed. The plaintiff's is a joint claim for a large sum against several heirs, and the amount of the judgment, does not determine the right of appeal, which is governed by the amount claimed.

The amount claimed, and not the amount of the judgment, determines the right of appeal.

The signature of the appellant to the bond is not essential, as he is bound by the judgment, more virtually than by the bond. The penalty of the bond, as fixed by the judge, is two thousand five hundred dollars, and the judgment is for one thousand four hundred and thirty dollars. The omission of some of the defendants to appeal, cannot affect the right of the others to do so.

On the trial, two bills of exception were taken, but as they were presented by the appellee, it is useless to examine them. No other question of law arises. The jury thought the claim of the plaintiff for the amount of their verdict, was sufficiently proved; the court declined granting a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.