## James C. Drew *v.* Eleazar T. Atchison and others.

Arts. 2080, 2082 of the Civil Code require that all the obligors in a joint contract shall be sued together, including those who may have performed their part, in order that the latter may recover back what they have paid, in case it should be determined they were not bound. The judgment for costs must be *in solido*, against those who have not performed their part.

Where an appeal is taken from a judgment in an action on a joint contract, all who were required to be parties below, must be made parties to the appeal, and this, though a part only have appealed, or the appeal will be dismissed.

This was an action before the District Court of Carroll, *Curry,* J., on a promissory note, for $6000, signed by Atchison, Hall,

Preston, Whitman, Dorsey, Bosworth, McCullough, and Nubert, payable on the 1st of January, 1839, to the order of one Tompkins, and by him endorsed to the plaintiff. Nubert, having died since the date of the note, his representative answered, denying particularly that the deceased ever signed the note or authorized any one to sign it for him, and, generally, all the allegations in the petition. Whitman, also, answered separately, denying that he ever signed the note. The other defendants answered together, acknowledging their signatures to the note, but denying that they ever delivered it. They aver that having formed an association with three other persons, Browder, Gilmore, and Kerr, for the purpose of purchasing a tract of land from Tompkins, they executed the note sued on for part of the price of the land, on the express condition that it should be signed by the other parties. They allege that the others refused to sign it, and that they are, consequently, discharged; and that Tompkins was unable and failed to make them any title to the land, the purchase of which was the only consideration for which the note was intended to be given.

The case was submitted to a jury, who, having found a verdict in favor of the defendants Nubert and Whitman, and against the others for $750 each, with interest from judicial demand, a judgment was rendered in accordance therewith. From this judgment, Atchison, Preston, Hall, Dorsey, and Bosworth, prayed for appeals. The last gave no bond; and McCullough did not pray for an appeal. On the appeals taken by Atchison, Preston, Hall and Dorsey, the petition and citations were served on the plaintiff, and on Whitman and Nubert's representative. The record does not show that any citation, or petition of appeal was served on the plaintiff, by Bosworth; though the service was accepted by Whitman and Nubert's representative. In none of the cases was any petition or citation served on McCullough.

*Sparrow* and *McGuire*, for the plaintiff. The appeal must be dismissed, the action being on a joint obligation, and all the co-obligors not being before the court. McCullough has not appealed, nor been cited. Bosworth, one of the appellants, has given no bond, nor caused any citation of appeal to be served on the plaintiff.

*Dunlap* and *Dunbar*, for the appellants.   The contract on which this action is founded, is joint.   It was not executed by all the parties, consequently, none are bound.   Civ. Code, arts. 2080, 2082.   Pothier, Obligations, No. 11.   *Villéré et al.* v. *Brognier*, 3 Mart. 326.   *Wells* v. *Dill*, 1 Mart. N. S. 592.   *Row* v. *Richardson et al.* 4 La. 551.

BULLARD, J.   The appellee moves to dismiss this appeal, on the ground that this is a joint action and the judgment joint, and that all the defendants have not appealed, nor been made parties to the appeal.

We think the motion must prevail.   In joint contracts the Code requires that all the joint obligors should be sued together, even those who may have paid, in order that they may recover back what they have paid, if it should appear that they were not bound ; and no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are by law presumed to have done so.   The judgment for costs is *in solido*, against all the defendants who have not paid.   Civ. Code, art. 2080, *et seq.*

This court has the authority, and it often becomes its duty to pronounce such judgments as ought, in its opinion, to have been rendered below.   In actions upon joint obligations, this becomes impossible, unless all the parties are before us, as they are required to be in the court of the first instance.

*Appeal dismissed.**

---

* On an application for a re-hearing, the counsel for the appellants, cited the case *Burke* v. *Erwin's heirs*, 6 La. 320, and *Brander et al.* v. *Garrett et al*, 19 Ib. 455. In the last case the court say : " This is an action against Garrett and others, on a promissory note, in the form of a joint obligation."   " Garrett is not a party to the appeal ; but it becomes necessary to go into his defence, as it appeared, by answers of the plaintiffs, that the whole debt was Garrett's, and that the co-obligors were his sureties," &c.   *Re-hearing refused.*