## PAUL LAFRANCE v. JOURDAIN MARTIN.

Where the appellee moved to dismiss the appeal, that the case having been tried by a jury, no motion was made for a new trial. *Held:* That it is a good reason to affirm the judgment, but cannot be to dismiss the appeal.
It is not necessary that more than one of the principals and the surety shall sign an appeal bond.

APPEAL from the District Court of the Parish of Placquemines,
*Cazabat*, J. H. R. *Grandmont* for defendant and appellant.

H. *Train for plaintiff.*—Upon the motion to dismiss the appeal: 9 M. 285; 1 N. S. 713; 2 N. S. 388; 5 L. 446; 3 R. 429; 5 R. 127; 6 R. 362; 15 L. 466; 17 L. 336. The above decisions of the Supreme Court, affirming the principle that judgments of inferior tribunals, founded on verdicts of juries, should never be brought before the Supreme Court without showing that an attempt had been made to obtain a new trial.

2. Parties not giving an appeal bond cannot be heard as appellants. 7 A. 589; 9 A. 158. Appeal dismissed when all parties are not mentioned in the appeal bond. 13 A. 441, 296. 11 A. 409, 675. 15 A. 496, 523. 12 A. 72. 15 A. 529.

3. It is not part of the duty of a clerk to prepare an appeal bond, so as to bring any irregularity in its execution within the 19th section of the

LAFRANCE
v.
MARTIN.

statute of 20th March, 1839, authorizing the Supreme Court, in certain cases, to grant time for the correction of errors or irregularities.    2 A. 902, 452.

4.  When the appeal bond, at the time of filing the appeal, does not contain the name of the obligees, or the style of the suit and judgment appealed from, it is insufficient, and the appeal will be dismissed.    6 L. R. 586.

LABAUVE, J.    The plaintiff's demand is for $725 with interest, on a note of defendant, dated 12th April, payable in November, 1862.    Pending the suit below the defendant died, and the plaintiff had his heirs, four in number, made parties; they appeared, and pleaded as an exception, that plaintiff, on his own showing, could not maintain his action upon the note which had been given in part payment of a negro; and further, that they were not indebted to the plaintiff as alleged in the petition.    On motion of plaintiff, the case was ordered to be tried by a jury.    The court ordered that the exception be made a part of the merits.    The plaintiff offered in evidence the note sued upon, and the endorsements of the payees were admitted.    The jury gave a verdict for plaintiff, and no attempt was made to set aside the verdict.    The judge gave judgment accordingly.

From this judgment the four defendants moved for an appeal, and it was granted.    The appellee has moved to dismiss the appeal on the grounds: 1. That the case having been tried by a jury and no motion made for a new trial, this court cannot entertain jurisdiction in the premises.    2. That the appeal bond is not made in conformity with the law, and is not binding on all the appellants.    3. All the parties are not before this court.

The first ground might be a good reason to affirm the judgment, but cannot be a good one to dismiss the appeal.    As to the second and third grounds, our attention has not been called to the particular defects contemplated by the appellee.    The bond seems to be substantially in form; it is signed by one of the principals and the surety; it was not necessary that all the principals should have signed it.

Motion to dismiss overruled.

On the merits, we are of the opinion that the verdict of the jury and and the judgment of the court are correct; besides, the defendant did not move for a new trial, and the judge was bound to render judgment according to the verdict.    15 L. 466; 17 L. 336.

It is therefore adjudged and decreed that the judgment appealed from be affirmed, with costs.

JONES, J., absent.