### No. 401.

WILLIAM SANDEL *v.* D. B. DOUGLAS, Sheriff, et als.

It has often been held that the signature of the appellant is not necessary to the appeal bond, his obligation to discharge any judgment rendered against him on the appeal resulting from the judgment itself.  Hence if the counsel in this case was without special authority, as alleged, to sign for the appellant, it is no ground to dismiss the appeal.

An intervenor is entitled to the delay necessary for service of citation and putting the intervention at issue.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse.  *Ray*, J.  *R. G. Cobb, S. D. McEnery*, for plaintiff and appellee.  *Todd & Brigham, R. W. Richardson*, for defendants and warrantors.  *D. C. Morgan*, for intervenors.

HOWELL, J.    The plaintiff sues the sheriff and the plaintiffs in two writs of execution, issued in their suits against Mrs. S. A. Bell, sepa-

Sandel v. Douglas, Sheriff, et al.

rate in property, for twenty-seven bales of cotton or their value, which he alleges are a part of the crop raised by him on the plantation of said Mrs. Bell, rented to him for the year 1869, and which the said sheriff illegally seized and carried away. He also claims damages for injury to the cotton, and attorney's fees. The defendants plead the general denial, with a special denial of the alleged lease, and the averments, that if an act of lease was executed, it was made by the husband of Mrs. Bell, without authority, and was a mere simulation, intended to screen the crop grown on the plantation from the creditors of Mrs. Bell, who was insolvent to the knowledge of this plaintiff; that Bell, the husband, was intoxicated and incapable of contracting when he signed said act; that the cotton was a part of the crop growing on the mortgaged land at the time of the seizure, and was a part of the same, and the mortgagee's right to seize and sell it could not be impaired or affected by the mortgageor or other person without their consent.

On the day on which the case was fixed for trial, Mrs. Bell, with the leave of court, filed an intervention, claiming to be the owner of the cotton in controversy, denying that plaintiff leased her plantation, as alleged, averring that the lease set up was unauthorized by her, and that the seizure of the cotton was not authorized by the writs in the hands of the sheriff, and praying that the plaintiffs and defendants be cited, and that she be decreed the owner of the said cotton, and obtain delivery thereof or its value. She then moved a continuance for service of citations and forming issues between the parties, stating that the opposite parties refused to accept service and put the intervention at issue, and that if they would do so, she was ready to proceed with the trial; but the court refused, on the ground that the intervenor should not be allowed to delay the trial of the principal cause, the trial of which was immediately proceeded with, the intervenor taking her bill of exceptions. Judgment was rendered in favor of plaintiff for a greater part of his claim, and the defendants and intervenor have prosecuted this appeal.

The plaintiff and appellee moves to dismiss the appeal of the intervenor, on the ground that the appeal bond was not signed by her, but by her counsel, who was without authority to do so, it appearing that she was not absent from the parish.

It has often been held that the signature of the appellant is not necessary to the appeal bond, his obligation to discharge any judgment rendered against him on the appeal resulting from the judgment itself. Hence if the counsel in this case was without special authority, as alleged, to sign for the appellant, it is no ground to dismiss the appeal.

The motion is, therefore, overruled. According to the construction

which has long been given to articles 391 and 393 of the Code of Practice, an intervenor is entitled to the delay necessary for service of citation and putting the intervention at issue. See 16 L. 265; 3 An. 331; 20 An. 258. The court *a qua*, therefore, erred in not granting the delay asked for in this case by the intervenor, as shown by the bill of exceptions, and the cause must be remanded on this account.

It is therefore ordered that the judgment rendered herein (being No. 4880 of the District Court) be reversed, and that this case be remanded, to be proceeded in according to law, plaintiff and defendants paying. costs of appeal.