(73 South. 263)

No. 21537.

FRANKEL et al. v. MORSE TIMBER CO., Limited, et al.

(Nov. 29, 1916. Case Compromised and Dismissed Dec. 20, 1916.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ⚶365(1)—GRANTING APPEAL—MOTION.

Where an appeal was granted on written motion in open court, the fact that the order granting it called the motion a "petition" was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1784, 1977–1987; Dec. Dig. ⚶365(1).]

2. APPEAL AND ERROR ⚶397—CITATION—NECESSITY.

Where an appeal was granted on motion in open court at the same term of court, citation of appellees was not necessary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2101; Dec. Dig. ⚶397.]

3. APPEAL AND ERROR ⚶385(2)—APPEAL BOND—SIGNATURE.

Under Code Prac. art. 575, relating to appeal bonds, the signature of the appellant is not indispensable to the form of an appeal bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2020, 2021, 2057; Dec. Dig. ⚶385(2).]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by J. Frankel and others against the Morse Timber Company, Limited, and another. Judgment for plaintiffs, and defendants appeal. Motion to dismiss appeal overruled.

Philip S. Pugh, of Crowley, and Ernest T. Florance, of New Orleans, for appellants. Smith & Carmouche, of Crowley, and Hall, Monroe & Lemann, of New Orleans, for appellees.

PROVOSTY, J. Motion is made to dismiss the appeal in this case on the grounds that the appeal was granted, not on motion made in open court, but by petition, and that the petition did not pray for citation of the ap-

pellees, and that the latter were never in fact cited; and on the further ground that the secretary-treasurer of the defendant company, who signed the bond of appeal, does not appear to have had authority to do so.

[1, 2] The minutes show that the appeal was granted on motion in open court. This motion was in writing, and the order granting the appeal was also in writing, and this order calls the said motion a "petition"; but what difference this can make we are at a loss to imagine. The appeal having been granted in open court at the same term of court, citation of appellees was not necessary.

[3] The facts show that the secretary-treasurer was the only person who could possibly sign the bond, inasmuch as the other officers were plaintiffs in the case and constituted a majority of the board of directors; and, moreover, the signature to the appellant is not indispensable to the validity of an appeal bond. . Roehl-Garland C. P. art. 575, and authorities there cited.

The motion to dismiss is overruled.