### No. ——

### First Circuit

---

### WOOD v. K. C. SOUTHERN RAILROAD COMPANY

---

(December 22, 1925, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 19, 356.**

If the first appeal was not perfected by the filing of a bond, the trial court was not divested of jurisdiction and, therefore, a second appeal granted by motion in open court at the same term and within a year of the rendition of the judgment was valid, even though there was no citation of the defendant.

2. **Louisiana Digest—Appeal—Par. 325.**

Appellants' failure to furnish bond under the first order of appeal is not an abandonment of the appeal if another appeal is perfected in time.

**3. Louisiana, Digest—Appeal—Par. 625.**

The finding of the trial court on the question of fact, namely, the lack of negligence of the defendant railroad company in a crossing accident, being clearly correct, is affirmed.

Appeal from the Parish of Beauregard. Hon. Thomas F. Porter, Judge.

Suit by Chas. D. Wood against K. C. Southern R. R. Company.

There was judgment for defendant and plaintiff appealed but failed to file transcript in time.

Another appeal was taken at the same term of court.

Judgment affirmed.

R. L. Stewart, of De Ridder, attorney for plaintiff, appellant.

Pujo & Bell, of Lake Charles, attorneys for defendant, appellee.

LECHE, J. Plaintiff's auto truck was struck and demolished by a train of defendant company at a crossing, and, alleging that the collision was the result of defendant's negligence, plaintiff sues for the value of his truck. From a judgment refusing his demand, plaintiff has taken the present appeal. Defendant moves to dismiss on the ground that plaintiff first appealed on January 19, 1925, and the return day having been fixed for February 15, 1925, he failed to file the transcript in time and that, therefore, said appeal was abandoned; that on March 11, 1925, he obtained another order of appeal which was then made returnable on May 1, 1925; that the second order of appeal is null and void for want of service and citation upon defendant and for want of power and jurisdiction in the trial court.

It appears that the appeals thus taken by plaintiff were both merely devolutive; that having failed to furnish bond as required in the first order plaintiff applied for another order under which the proper bond was given, and the appeal is before this court by virtue of the last order.

The first appeal not having been perfected by the filing of a bond, the trial court was not thereby divested of jurisdiction over the case. The second appeal was granted by motion in open court at the same term during which the judgment had been rendered and within a year of its rendition; there was, therefore, no necessity of citing the defendant and appellee. The plaintiff's failure to furnish bond under the first order was not an abandonment of the appeal.

See Hyman vs. Veith, 142 La. 933, 77 South. 854; Frankel vs. Morse Timber Co., 140 La. 448, 73 South. 263; Neely vs. T. & P. Ry., 145 La. 671, 82 South. 745.

We are, therefore, of the opinion that plaintiff's appeal should be maintained, and it is ordered that defendant's motion to dismiss be overruled.

The facts are substantially that plaintiff attempted to drive his automobile truck across the tracks of the defendant at a private crossing. He saw that the depression between the rails was rather deep, that there were no floor boards across the ties, between the rails, and in order to minimize the shock to his truck he slowed down so much that his motor, lacking the power to propel the truck over the rails, suddenly stopped and, in automobile parlance, the engine died. While his truck was in the helpless position straddling the track, plaintiff saw a train approaching just beyond a near curve; he leaped off and attempted to flag the train but in vain. The truck was run into and com-

pletely demolished and wrecked by the locomotive.

Plaintiff charges defendant with negligence in not planking the ties between the rails and raising the roadway even with the top of the rails, in not heeding his signals to stop its train before reaching the crossing, and he argues that defendant, having pleaded contributory negligence in its answer thereby admits its own negligence.

The crossing where the accident occurred is a private crossing, and we know of no law imposing upon railroads the duty of maintaining private crossings in a safe condition for vehicles. Whenever such an obligation exists it arises from a conventional agreement, and none has been shown in this case.

The testimony shows beyond doubt that when plaintiff attempted to signal the engineer to stop the train the distance was not sufficient to enable the engineer to bring his train to a full stop before reaching the crossing.

The allegation in Article 24 of defendant's answer, in which it is said the defendant pleaded contributory negligence, simply denies that defendant was guilty of carelessness, recklessness or negligence, and charges that the collision was due entirely to the fault and want of care of plaintiff. We fail to see therein any plea of contributory negligence. There is, however, such a plea, in the alternative, in Article 33 of the answer. That plea is not an admission of the pleader's own negligence. See Robertson vs. Town of Jennings, 128 La. 796, 55 South. 375.

It is admitted, and the evidence shows, that plaintiff was quite familiar with this crossing and its unsafe condition, for having frequently driven his truck over

it just previous to the accident. But it matters little whether the plaintiff was negligent, imprudent or unfortunate in stalling his automobile truck across defendant's track; the controlling condition of the case is that defendant is not shown to have been negligent or able to have avoided the collision.

We believe the judgment of the district court is correct and should be affirmed, and it is so ordered.