O’NIBLL, C. J.
 

 This is a suit for the ownership and possession of movable property consisting of a drilling rig, for drilling oil wells. The plaintiff has appealed from a judgment rejecting the demand and dismissing the suit. The defendants have moved to dismiss the appeal on the grounds, first, that the transcript was not filed within the time in which it was made returnable; second, that the attorney who signed the appeal bond for the appellant was not licensed to practice law in this stater and, third, that the judge did not fix the-amount of the bond required for a suspensiveappeal.
 

 The first ground for the motion to dismiss is not well founded, and is not insisted upon. The time in which the appeal was made returnable was extended by an order of this court before it had expired, and the transcript was filed on the last day allowed in the extension.
 

 The attorney who signed the appeal bond for the appellant was not licensed to practice law in Louisiana, but was a licensed and practicing attorney at law in Missouri. Whether he had or had not the authority to bind the appellant by signing the appeal bond is a matter of no importance, because it is well settled that the appellant’s signature, as' principal on an appeal bond, is not necessary, he being liable under the judgment without regard for the bond. Doane v. Farrow, 10 Mart. (O. S.) 74; Burke v. Erwin’s Heirs, 6 La. 320; Wells’ Heirs v. Lamothe, 10 La. 411; Fisk v. Friend, 3 Rob. 264; Williams v. Hood, 11 La. Ann. 113; Lafrance v. Martin, 17 La. Ann. 77; Sandel v. Douglas, 25 La. Ann. 564; Succession of Richardson, 26 La. Ann. 187; Ready v. City of New Orleans, 27 La. Ann. 170; Murrell v. Murrell
 
 &
 
 Fuller, 33 La. Ann. 1233; Vignie v. Brady & Charpeaux, 35
 
 *395
 
 La. Ann. 560; Bussiere v. Williams, 37 La. Ann. 387; Granier v. Louisiana Western Railroad Co., 42 La. Ann. 882, 8 So. 614; Bendich v. Scobel, 107 La. 247, 31 So. 703.
 

 In the order granting the appeal, the judge fixed the bond at $250 for h devolutive appeal, and said it was fixed “according to law” for a suspensive appeal. The attorneys for the appellant, believing that the order fixing the suspensive appeal bond “according to law” had reference to article 576 of the Code of Practice, gave bond for $4,500, being one and a half times the highest estimate of the value-of the property as estimated by the witnesses who testified in the ease. Article 576 .of the Code of Practice declares that, for a suspensive appeal from a judgment ordering the delivery of movable property of a perishable nature, the judge shall require a bond exceeding by one-half the estimated value of the property. This case would not be governed by that rule, even if the property were perishable, because the judgment did not order the delivery of the property but rejected the plaintiff’s demand. The property was in the custody of the sheriff under a writ of sequestration. In such cases the judge should fix the amount of the bond for a suspensive appeal, and, ordinarily, a bond for costs is sufficient, because the defendant is otherwise protected by the sequestration bond. In this case, the judge did virtually fix the amount of the suspensive appeal bond by declaring the bond that was furnished sufficient. The defendants, appellees, proceeded in the district court, according to the provisions of the Act 112 of 1916, p. 241. to have the appeal bond declared defective and insufficient and the order of appeal rescinded. The judge first ruled that the bond was defective for want of authority in the attorney who signed it for the appellant; but, on a new trial or rehearing of the rule, he reversed his judgment, and declared the bond legal and sufficient in amount. That was virtually a fixing of the amount of the bond, which had been filed in time for a suspensive appeal.
 

 The motion to dismiss the appeal is overruled.