## ANDREWS v. BECKER (two cases).
### Nos. 1226, 1227.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

W. A. Houghton, of Independence, and S. S. Reid, of Amite, for appellant.

Rownd & Warner, of Hammond, for appellees.

ELLIOTT, Judge.

A one-horse wagon, belonging to and while being driven by Willie Andrews and in which his wife, Sarah Andrews, and some others were riding, was struck by an automobile belonging to Mrs. Mamie Becker, with the result that the wagon was badly injured and Sarah Andrews seriously hurt. Willie Andrews fixes the time of the occurrence at between 1 and 2 o'clock p. m. on July 21, 1932. It took place on the public road leading from Loranger to Independence, and west of the Tangipahoa river and about a mile east of Independence. The automobile was being driven at the time by a negro boy named Leon Knox; but the witnesses say he was known as "Goofey."

Willie Andrews and Sarah Andrews each brought suit against Mrs. Becker for damages. They each allege that the boy, Leon Knox, was employed by her for the purpose of taking her nephew riding; that his wagon was being driven at the time slowly in a westward direction toward Independence, and on the northern side of the road, which was the proper side for it to be on in the direction it was going; that the Becker automobile was being driven in the same direction and was coming behind his wagon and struck it in the rear, and that the automobile was being driven at the time at a high and excessive speed, and in a reckless, negligent manner. The petition in each case alleges that the wagon was struck as the result of the fault, negligence, want of skill and care on the part of the boy, Knox, in operating defendant's automobile on the public road.

Willie Andrews claims damages to the extent of $134.65, and Sarah Andrews $750 on account of personal injuries.

Mrs. Becker denies that Leon Knox was employed by her on July 21, 1932, and avers that if he was driving her car on said date, he was doing it without her knowledge or consent. She also denies the fault and negligence alleged against him.

The two cases were consolidated and tried together; separate judgments being rendered in each case. There was judgment in favor of Willie Andrews for $78.05, with interest, and in favor of Sarah Andrews for $300, with interest.

Mrs. Becker appealed from the judgment in each case. For the purposes of our opinion, we will consider the cases together as was done in the lower court.

■ Willie Andrews and Sarah Andrews move to dismiss the appeal in their respective cases on the ground that in each case the appeal bond upon which the appeal depends is

the second bond given, the first one having been set aside in each case on the ground that the surety thereon was insolvent; that the law, Act No. 112 of 1916, as amended, requires, that the surety make an oath that he is worth the amount for which he has obligated himself, and that the principal on the bond make an affidavit supporting that made by the surety, and it appeared on the face of the bond that Mrs. Becker had failed to make this affidavit.

Act No. 234 of 1932 contains a provision, which prevents the dismissal of an appeal "for any purely technical reason. * * *" It appeared to us that her failure to make the affidavit mentioned was a matter which came within the meaning of the prohibition, and as Mrs. Becker was present we authorized her to make the affidavit without prejudice. The affidavit was made, and, upon considering the matter, the motion to dismiss in each case is overruled.

The negro boy, Leon Knox, is about 17 years old. Mrs. Becker is a merchant and operates a store at Independence, La., and another at Crystal Springs, Miss. She testifies that he was not employed by her and had no authority to be driving her automobile at the time in question, and that she had forbidden him to drive her automobile.

The testimony as to several matters of fact, important in the determination of the case, is conflicting. The lower court evidently believed and acted on testimony of the negro boy, according to which the defendant is responsible for the damages sustained by both of the plaintiffs. The testimony of the negro boy is supported by acts, which speak louder than words. We fully agree with the lower court as to the responsibility of the defendant under the facts of the case.

■ But we do not think that Willie Andrews is entitled to recover $78.05. It was an old wagon, and not worth more than $20. He was put to expenses for fees of a physician and some other expenses, which together amount to $20. We think the judgment in his favor should be reduced to $40.

■ As for Sarah Andrews, she was confined to her bed for a week on account of her injuries, and was unable to leave her house for another week. She endured severe pain and suffering, and may endure some further pain as a result of the injury. The lower court allowed her $300, and the amount does not seem to be excessive.

For these reasons, the judgment appealed from in favor of Willie Andrews is reduced to $40; the same to bear legal interest from judicial demand until paid. The judgment in favor of Sarah Andrews will be affirmed. The defendant, Mrs. Mamie Becker, is to pay the costs in both courts.