**QUEEN INS. CO. OF AMERICA v. BLOOMENSTIEL et al.**

No. 1517.

Court of Appeal of Louisiana.
First Circuit.

Dec. 31, 1935.

See, also, 160 So. 169.

St. Clair Adams, St. Clair Adams Jr., and P. A. Bienvenu, all of New Orleans, for appellant.

Charles T. Wortham, of Donaldsonville, and Simmons, Simmons & Dolese, of Napoleonville, for appellees.

ELLIOTT, Judge.

Queen Insurance Company of America brought suit against M. F. Bloomenstiel and Charest Thibaut alleging that they are sureties on a bond signed by them for United Agencies, Inc., and as such are indebted unto plaintiff in the sum of $114.06 with legal interest from judicial demand. Defendants urge against its suit the exception of no right or cause of action, which was maintained and the suit dismissed.

Plaintiff has appealed. The bond under which liability is alleged is annexed to and made part of the petition. It was signed by Bloomenstiel and Thibaut and it is written on its face that United Agencies,

Inc., is the principal and that Bloomenstiel and Thibaut are its sureties, but it was not signed by United Agencies, Inc. The fact that it was not signed by United Agencies, Inc., stated therein to be the principal, is the ground on which the exception of no cause or right of action rests. The plaintiff contends that under the provisions of our Civil Code on the subject of Suretyship and Obligations In Solido, it is sufficient to hold the sureties that the bond obligates them in solido, and that they have signed the bond. Plaintiff's contention on the subject has received our consideration. The lower court reasoned that as United Agencies, Inc., was not a party to the bond, it could not be sued on it, and that as United Agencies, Inc., could not be sued on the bond, the defendant could not. Citing Selby v. New Orleans, 119 La. 900, 44 So. 722.

The reasoning of the court in Selby v. New Orleans supports the contentions of the defendants. The lower court filed reasons for holding that the defendants were not liable on the face of the bond. The reasoning of the lower court on the subject seems to us to be proper and correct.

The judgment appealed from in our opinion is correct.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.