FOURNET, Justice.
 

 This is an action instituted by the Queen Insurance Company of America on a surety bond furnished by one of its agents, United Agencies, Inc., against Charest Thibaut and M. F. Bloomenstiel, the sureties in said bond, to recover the sum of $114.06, alleged to be owing the plaintiff on account of a shortage in the accounts of the agent while in plaintiff’s employ. The defendants filed exceptions of no right or cause of action, which were sustained by the lower court, and the judgment was affirmed on appeal to the Court of Appeal, First Circuit. 165 So. 22. The matter is now before us for review on writs granted by this court.
 

 The exceptions of no right or cause of action are based on the failure of the principal to sign the bond. The bond in effect recites that the United Agencies, Inc. .(which had been- appointed agent for the Queen Insurance Company .of New York), as principal, and Charest Thibaut and M. F. Bloomenstiel, as sureties,
 
 are bound jointly and severally
 
 unto me Queen Insurance Company of America in the sum of $1,000. The condition of the bond is “that in the event of any default by the principal specified in this bond, * * * the Sureties agreeing to pay the amount defaulted (not exceeding the sum specified herein) as may be proved to be due * *
 

 “Suretyship” is defined in the Revised Civil Code, art. 3035, as “an accessory promise by which a person binds himself for another alreády bound, and agrees with the creditor to satisfy the obligation, if the debtor does not,” and article 3038'provides that “a man may be surety without the order or even the knowledge of the person for whom he becomes surety.”
 

 Article 3045 of the Revised Civil Code provides:
 

 “The obligation of the surety towards the creditor is to pay him in case the debtor should not himself satisfy the debt;
 
 and the property of such debtor is to be previously discussed or seized, unless the security should have renounced the plea of discussion, or should be bound in solido jointly with the debtor, in which case the effects of his engagement are to be regulated by the same principles which have been established for debtors in solido.” (Italics ours.)
 

 But counsel for defendants contend that the bond in question is a surety bond and not an indemnity bond and, therefore, re- - quires the signature of the.principal to ren der it valid and binding upon the sureties
 
 *1073
 
 and rely upon the case of Selby et al. v. City of New Orleans, et al., 119 La. 900, 44 So. 722.
 

 In 50 Corpus Juris, at page 32, § 44, under the subject-matter of “Joint Bond,” it is said that: “A bond which in form is the joint obligation of a principal and his sureties, and
 
 not joint and
 
 several, requires the signature of the principal to render it valid and binding upon the sureties, unless the sureties sign with the intention of being bound without requiring the principal’s signature, and
 
 except in those jurisdictions in which such an obligation is, by statute, regarded as joint and several.”
 
 In a footnote thereunder, the author gave as an illustration “a bond reciting: ‘We have requested the National Surety Company * * * to sign a bond. We will pay * * * to the company for the execution of said instrument the annual premium charged * * * that we will indemnify the surety company from all liability by reason of having executed the said -instrument,’ not signed by the principal was insufficient to charge the guarantors. Selby v. New Orleans, 119 La. 900, 44 So. 722.”
 

 In the case of Selby v. New Orleans, supra, the court said:
 

 “The instrument signed by them, like the work which plaintiffs bound themselves to do for defendant, bears on its face the evidence of its incompleteness. It was never signed by the principal.
 

 “We infer that there was an intended principal who never bound himself. There cannot be a guarantor in a contract in which it is expressed that both guarantor and principal should be bound if both do not sign in accordance with the condition of the contract.”
 

 Unlike the case of Selby v. New Orleans, supra, in this case the
 
 principal is primarily liable,
 
 and in the bond it is recited that the
 
 sureties are bound jointly and severally,
 
 and that case, therefore, is not an authority to support defendant’s contention.
 

 We are assured by counsel for plaintiff and defendants that there are no other cases in the jurisprudence of this state touching upon the subject of the failure of the principal to execute the bond save in cases involving appeal bonds.
 

 We have repeatedly held that it is not necessary for the principal or appellant to sign the appeal bond for the reason that the
 
 principal
 
 or appellant
 
 is primarily liable
 
 without reference to the bond. Sandel v. Douglas, 25 La.Ann. 564; Frankel v. Morse Timber Co., 140 La. 448, 73 So. 263; Fontini v. Pine Grove Land Co., 167 La. 137, 118 So. 865.
 

 On this matter, 50 Corpus Juris, p. 32, § 44, verbo, “Joint or Joint and Several Bonds,” we find the following:
 

 “In some jurisdictions it is held that
 
 the failure of the principal to execute a bond zvhich purports to be a joint and several bond or several only does not invalidate the same as to a surety,
 
 unless there was an express agreement that the bond should not be valid until so executed; and
 
 this rule is especially applicable where the principal is primarily liable without reference to the bond.
 
 * * * ” (Italics ours.) .
 
 *
 

 
 *1075
 
 -- See, also, 21 Ruling Case Law, § 19, p. '965.
 

 -• -We are of the opinion that the failure -of-the principal to sign the bond in the instant case does not invalidate the same ..as to the sureties who, under the terms of .the bond, are jointly and severally liable to plaintiff for such amount as plaintiff’s .agent, who was primarily liable, may have -defaulted. The exceptions of no cause or right of action must, therefore, be overruled.
 

 For the reasons assigned the judgments -of the lower court and the Court of Appeal are set aside and annulled, the exceptions -of no right or cause of action are overruled, .and the case is hereby remanded to the ■district court to be proceeded with according to law and consistent with the views herein expressed; costs of appeal to be paid by the defendants and appellees, all ■other costs to await the final oulcorhe of this suit.
 

 O’NIELL, C. J., absent.