FOURNET, Justice.
 

 The defendants-appellees, alleging that J. C. Nance, trustee, and David Tilley, who is representing his minor daughter Johnny Tilley, do not appear as principals in the bond which was furnished by the plaintiffs-appellants when the appeal in this case was perfected, moved to have the appeal dismissed as to these parties.
 

 The judgment appealed from was signed on the 12th day of May, 1942. On the same day the “plaintiffs” (Wesley W. Maddox; David Tilley, in behalf of his minor daughter Johnny Tilley; and J. C. Nance, trustee) were granted both a suspensive and a devolutive appeal, returnable to this court on June 20, 1942, conditioned upon their furnishing bond in the sum of $500. In the only appeal bond which has been furnished, it is declared that the principals are Wesley W. Maddox and J. C. Nance, and the condition of the obligation is “that the * * * bound Wesley W. Maddox and J. C. Nance shall prosecute their suspensive appeal, and shall satisfy whatever judgment may be rendered against them * * *.” The only signatures to this bond are those of Maddox and the surety, Joe S. Mowad.
 

 This court has repeatedly held that since the appellant is primarily bound for the debt involved, it is not necessary for him to sign' the appeal bond as principal. Sandel v. Douglas, 25 La.Ann. 564; Frankel v. Morse Timber Co., 140 La. 448, 73 So. 263; Fontini v. Pine Grove Land Co., 167 La. 137, 118 So. 865. Consequently, Nance’s failure to sign the bond as a principal can have no effect on its validity, and, since counsel for the appellants concedes in his brief that the minor Johnny Tilley “makes no pretense of being a co-appellant,” the only question that is presented for our determination is whether or not the appeal should be dismissed as to J. C. Nance, trustee, because the word “trustee” has been omitted following Nance’s name in the appeal bond.
 

 In its Act No. 112 of 1916, the legislature of Louisiana declared that “no appeal shall be dismissed * * * on account of any error in the amount of the bond, or for any inaccuracy or
 
 omission in the bond,
 
 * * * until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission * * Section 9. (Italics ours.) The procedure to be followed by the person contesting an appeal bond is then outlined and we find included therein the specific provision that “should any bond be declared invalid for any reason whatsoever, the party furnishing such bond shall have the right, within four judicial days thereafter, to furnish a new bond • * * Section 3 of Act No. 112 of 1916, as amended by Act No. 284 of 1928. See, also, Succession of Uthoff, 196 La. 892, 200 So. 290, and the cases therein cited.
 

 
 *879
 
 According to the facts of this case, the authorities relied on by the movers are inapposite.
 

 For the reasons assigned, the motion to dismiss is overruled.
 

 ROGERS, J., absent.