PONDER, Justice.
 

 William Cazezu, the defendant appellee, moves to dismiss the appeal in this cause on the ground that the appeal bond furnished by Frank J. Blaize, the appellant, is' incompetent, insufficient and of no effect for-the reason that the bond is not executed in
 
 *1084
 
 accordance with the provisions of sec. 4 of Act 112 of 1916.
 

 The appellant answered the motion to dismiss, setting forth that the bond is valid and sufficient and, as a matter of precaution, filed a supplemental bond signed by a surety company authorized to do business in this State.
 

 The original appeal bond was signed for the appellant by his attorney, and his attorney also signed the bond as surety.
 

 The appellee contends that the original appeal bond is invalid for the reason that the appellant did not make oath as to the solvency or sufficiency of the surety.
 

 The appellant is primarily bound for the debt involved, and it is not necessary for him to sign the appeal bond as principal. Maddox v. Butchee, 201 La. 876, 10 So.2d 687; Queen Ins. Co. of America v. Bloomenstiel, 184 La. 1070, 1074, 168 So. 302; Fontini v. Pine Grove Land Co., Inc., 167 La. 137, 118 So. 865.
 

 This Court has repeatedly refused to dismiss an appeal because of error of the nature involved herein when no opportunity has been afforded the appellant to correct the error. Pittman v. Lilly, 197 La. 233, 1 So.2d 88; Succession of Uthoff, 196 La. 892, 200 So. 290; Hammond State Bank & Trust Co. v. Hammond Box & Veneer Co., Ltd., 177 La. 849, 149 So. 498; Lampton Realty Co. v. Kerr, 154 La. 843, 98 So. 266; Act 112 of 1916, as amended.
 

 Under the provisions of Act 112 of 1916, it is the duty of the defendant appellee to serve notice on the plaintiff appellant in the lower court to have the error complained of corrected by giving him opportunity to furnish a new or supplemental bond. This the appellee has failed to do. Wilson v. Lee, 196 La. 271, 199 So. 117; Succession of Robert Y. Charmbury, 34 La.Ann. 21.
 

 Moreover, if there were error in the execution of the original appeal bond, the error was cured when the valid supplemental appeal bond was filed in this Court. No attack whatsoever has been urged as to the solvency or sufficiency of the supplemental appeal bond.
 

 For the reasons assigned, the motion to dismiss the appeal is denied.