HAWTHORNE, Justice.
James E. Kelly, Mrs. Sarah Schwartz Kelly, and Francis E. Bickford instituted this proceeding in the Twenty-second Judicial District Court of St. Tammany Parish for a writ of mandamus directed to John E. Brewster, clerk of that court, commanding him “to issue execution to enforce the ■payment” of all the costs in a . certain suit •styled “Kelly et al. v. Ozone Tung Cooperative’’. In this proceeding these parties prayed that the Ozone Tung Cooperative, defendant in that suit, be ordered to pay 'all costs or to show cause to the contrary, but the defendant was never cited and made no appearance herein. The clerk of court answered, pleading want of interest. On trial of the rule the district court rendered judgment dismissing plaintiffs’ proceeding at their costs, and writs were granted by this court to review that judgment. .
In suit No. 9456 on the docket of the Twenty-second Judicial District Court, a judgment was rendered against the defendant, Ozone Tung Cooperative, awarding to plaintiff James E. Kelly $200, to plaintiff Mrs. Sarah Schwartz Kelly $150, and to plaintiff Francis E. Bickford $75, and ordering defendant .to pay all costs. After judgment, one of the attorneys for plaintiffs moved in open court for a devolutive appeal to the Court of Appeal, First Circuit, and the district court granted the appeal to plaintiffs, conditioned on the plaintiffs’ furnishing bond. The appeal bond was filed, naming all three plaintiffs as principals and Herman O. Bertoniere as surety. This appeal bond was signed by two of the plaintiffs, Kelly and Mrs. Kelly, and by the surety, but was not signed by the plaintiff Bickford.
On October 5, 1948, the Court of Appeal, 36 So.2d 837, affirmed the judgment as to the Kellys but reversed the judgment awarding the sum of $75 to the plaintiff Bickford, and further decreed that all costs in the district court be paid by the defendant, Ozone Tung Cooperative, and the *781 plaintiff Bickford, in the proportion of two-thirds by the defendant and one-third by Bickford. An application for a rehearing was timely made by all plaintiffs. Thereafter, on November 4, all plaintiffs filed a supplemental and amended application for a rehearing, and in this application plaintiff Bickford prayed that a rehearing be granted, and prayed, for the first time, that the judgment of the district court as to him be reinstated for the reason that he had not perfected his appeal to the Court of Appeal. The Court of Appeal, 38 So.2d 232, refused to grant a rehearing and refused to consider the allegations of the supplemental application because it was filed too late.
Plaintiffs then applied to this court for certiorari or writ of review, which was refused. In refusing this writ this court stated that “If plaintiff Bickford did not perfect his appeal as contended in the application [for the writ] the judgment of the Court of Appeal reversing the lower court’s judgment in his favor is without effect and can be ignored by the plaintiff”. Plaintiffs then instituted the proceeding in the district court for the writ of mandamus, and, when this proceeding was dismissed by judgment of that court, they applied for, and were granted, the writs in the instant case.
Plaintiff Bickford takes the position that he never perfected his appeal to the Court of Appeal and never furnished any bond; and that therefore that court did not have jurisdiction, and that, when it took jurisdiction, it did so erroneously and rendered a judgment which was null due to the fact that his rights and claims were not before the court. In support of his contention that the appeal as to him was never perfected, he relies mainly on the fact that he did not sign the appeal bond as one of the principals.
Motion was made in the district court by one of the attorneys for plaintiffs for a.devolutive appeal to the Court of Appeal, First Circuit, and all plaintiffs by order of the court were granted an appeal. The appeal bond filed pursuant to this order named all three plaintiffs as principals and was signed by two of the plaintiffs and the surety, as' set out hereinabove. In brief filed in the Court of Appeal counsel for plaintiffs, among other things, urged that the judgment of the district court in favor of plaintiff Bickford in the sum of $75 should be substantially increased. It was only after the Court of Appeal had reversed the judgment of the district court as to Bickford and ordered him to pay one-third of the costs that he took the position, in a supplemental and amended application for a rehearing which was not timely filed, that the appeal as to him had not been perfected.
If the Court of Appeal had substantially increased the award to Bickford as urged by him in brief filed in that court, the *783 defendant, Ozone Tung Cooperative, could not successfully urge that the appellate court was without jurisdiction for the reason that Bickford by his failure to sign the appeal bond had not perfected the appeal. Likewise such a position would not avail the plaintiff Bickford. This plaintiff was named in the appeal bond as one of the principals along with the other two plaintiffs, who signed the bond with the surety. It is well established in our jurisprudence that his failure to sign the bond under such circumstances did not affect its validity as to him, and there is no merit in his contention. Williams, Administrator etc. v. Hood, 11 La.Ann. 113; Lafrance v. Martin, 17 La.Ann. 77; Murrell et al. v. Murrell et al., 33 La.Ann. 1233; Pasley v. McConnell et al., 38 La.Ann. 470; Frankel et al. v. Morse Timber Co., Ltd., et al., 140 La. 448, 73 So. 263; Fontini et al. v. Pine Grove Land Co., Inc., 167 La. 137, 118 So. 865; United Railway Men’s Oil Ass’n v. Dupuy et al., 173 La. 392, 137 So. 73; Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147.
For the reasons assigned, the writs issued herein are now recalled, and the judgment of the district court is affirmed; relator Bickford to pay all costs of these proceedings.
PONDER, J., dissents.
LE BLANC, J., takes no part.