ELLIS, Judge.
This is a suit in which the plaintiff is seeking damages for an alleged trespass by the defendant upon the East half of Northeast Quarter of Section 3, Township 1 South, Range 10 West', allegedly owned and possessed by the plaintiff. The defendants are charged by the plaintiff with fencing about four acres of the above described property which resulted in the blockade of a road leading to plaintiff’s dwelling house and which at the time was occupied by a tenant. The defendants denied trespassing or fencing any of the property described and allegedly owned by the plaintiff.
After a lengthly trial and several hundred pages of testimony, the District Judge dismissed plaintiff’s suit at his cost, frpm which judgment the plaintiff did not secure an order for an appeal until the 26th day of January, 1953, and this devolutive appeal was made returnable on the 9th day of March, 1953. Bond was filed on January 27, 1953 and by motion on the 13th day of February, 1953 was attacked on various grounds. No new or supplemental bond having been voluntarily filed, a motion was taken up in open court on March 5, 1953 and maintained and the appellant ordered to furnish a new and sufficient bond within four judicial days as prescribed by law. LSA-R.S. 13:4573.
In accordance with the order of the Court the plaintiff, on March 10, 1953, furnished a new bond which was filed for the principal, J. P. Cryer, by J. S. Pickett, his attorney of record, and by C. M. Poston as surety. The surety made the proper oath before J. S. Pickett, Notary Public, however, the plaintiff or principal did not sign the affidavit as required by LSA-R.S. 13 :- 4574, but such an affidavit was signed by J. S. Pickett, attorney of record for the principal.
As March 7 was a Saturday and March 8 a Sunday, it is admitted that the new bond was furnished within four judicial days. Under LSA-R.S. 13:4573, in referring to the new bond furnished by order of the Court “within four judicial days thereafter”, it is further provided, “Should this new bond be found to be defective in any respect whatever, or the surety or sureties insufficient, the person furnishing such new bond shall not thereafter be entitled to furnish any additional bond.”
The appellee has filed a motion dismissing this appeal on the following, grounds:
“4. That plaintiff and appellant did not furnish and file the new bond until the 10th day of March, 1953, after the return date which said appeal was to be filed. Therefore, Defendants and Ap-pellees had no opportunity to attack said bond in the district court.
“5. That the new bond furnished is defective and insufficient and null for the following reasons:
“First: That said bond was not filed until after the return date for the appeal.
“Second: The bond was not signed by the principal.
“Third. The bond was not sworn to by the plaintiff and surety thereon as required by law.
"6. The affidavit of the surety who is a resident of Vernon Parish, Louisiana, was made before J. S. Pickett, a
Notary Public of Sabine Parish, Louisiana, and who is not a resident or notary in the Parish of Vernon, Louisiana.
“7. That the affidavit of the principal on said bond was drafted to be signed by the principal J. P. Cryer, but was signed by J. S. Pickett.”
As to the first ground set forth in Article 5, the bond having been filed in accordance with the law, that is, within four judicial days, it is not defective on this ground.
Under the jurisprudence, it is not necessary for the appellant to sign the appeal bond as principal since he is primarily bound for the debt involved. See Maddox v. Butchee, 201 La. 876, 10 So.2d 687; Blaize v. Cazezu, 208 La. 1081, 24 So 2d 147.
As to the third ground, we see no good reason why the principal’s attorney of record cannot sign the bond or oath for him.
*620 As to the sixth ground, we see no merit therein.
As to the seventh ground, the affidavit was signed by the attorney for the principal. . Under the ruling of this Court in Andrews v. Becker, La.App., 149 So. 895, the third ground urged under Article 5 and Article 7 would be classed as purely technical reasons which would prohibit the dismissal. See LSA-R.S. 13:4433.
The motion to dismiss the appeal is overruled.
On the merits, plaintiff pitched his case upon the proposition that the defendant had fenced up four acres of ground which he alleged he owned. There is no allegation of trespass on any land outside the bounds of his title as shown by the description of his property as set forth in his petition. This is mentioned in view of the fact that the plaintiff is now attempting to enlarge the issues by claiming trespass on land outside the bounds of his title on the ground of possession and not ownership. Should we accept the latter issue, he has failed to prove it, however, the issue should be restricted to the allegations of his petition.
The facts show that plaintiff was the owner of the East half of Northeast Quarter of Section 3, Township 1 South, Range TO West, and that the defendant, J. W. Cryer, was the owner of property on the south, contiguous to and bounded on the north by the southern boundary of plaintiff’s property. The entire issue could be settled by the boundary suit which has been filed but never tried. There is a public road which runs along the south of defendant’s property, and near the southwest corner of his property a road runs north along a fence on the western side of the defendant’s property to where the fence cornered and turned in an easterly direction. At the corner of the fence the road turned and went diagonally in a northerly direction to a house on plaintiff’s property. The defendant being of the opinion that this old fence, and particularly on the north of this property, was not on his line, proceeded to build a new fence on what he believed to be the true line between his property and that of plaintiff, and in doing so he moved his fence north, which resulted in the road to plaintiff’s house being closed.
The plaintiff soon thereafter employed R. E. Oxford, Licensed Surveyor, who testified that the new fence was located approximately 300 feet north of the boundary line.
The defendant employed E. H. Barentine, a licensed surveyor, to make a survey after Oxford had surveyed it for the plaintiff. This surveyor positively testified that the Oxford Survey was incorrect and he placed the southern boundary <?f plaintiff’s property and northern boundary of defendant’s property where the new fence of the defendant had been constructed. In other words, according to this surveyor, the defendant has not trespassed on any property owned by the plaintiff. In addition to this surveyor’s testimony there is also in the record the testimony of R. B. Leone, a licensed surveyor, that the Oxford Survey was incorrect.
Defendant has also offered lay testimony that the timber was cut on plaintiff’s property no further than the point that he contended was the true line and where he first placed the new fence that enclosed a portion of the road leading to plaintiff’s house.
There is testimony that a portion of the property which defendant enclosed when he moved his fence north had been culitvated by the plaintiff and his author in title, however, there is testimony by the defendant that this was done with his consent. ' We believe that the District Judge was right in dismissing the plaintiff’s demand as there is no testimony upon which we could accept the survey of Oxford as establishing the true and correct line, and in order for the plaintiff to recover he must have proven this to be a fact. He has failed in view of all the testimony to carry the burden of proof and show that the defendants trespassed upon lands owned by him.
Judgment affirmed.