SARTAIN, Judge.
Appellees filed a motion to dismiss the appeal in this case in the form of the peremptory exception of no right of action under Code of Civil Procedure Article 2163. This Article gives the appellate court the power to consider the peremptory exception filed for the first time in that court.
It appears that judgment in favor of defendant-appellee was signed below on February 18, 1972. Motion for a devolutive appeal was signed March 17, 1972 and the devolutive appeal bond was filed May 5, 1972.
Appellee excepts to appellant’s appeal primarily on the grounds that the appeal bond was defective because it was not signed by appellant, that it did not set forth that appellant would prosecute his appeal, and that it did not state that he would satisfy whatever judgment might be rendered against him.
Appellees rely on Article 579 of the old Louisiana Code of Practice as a basis for their contention that the appeal bond must contain all of the above mentioned items. However, Act 15 of 1960 which adopted the new Code of Civil Procedure set forth as one of its purposes: “. . . to repeal the Code of Practice of the State of Louisiana, and all other laws in conflict or inconsistent with the provisions of the code hereby adopted . . .” Thus it would appear that the requirements of Code of Practice Article 579 are no longer applicable and we must look to the provisions of the new Code of Civil Procedure to see if appellant has met the requirements of a valid devolutive appeal bond.
*536 Code of Civil Procedure Article 2124 provides in part :
. . Both devolutive and suspen-sive appeal bonds shall afford security for the payment of all appellate costs paid by the appellee, and all costs due by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal.” (Emphasis added.)
In this case appellant filed an instrument captioned as a devolutive appeal bond which contained two paragraphs, the first of which recited that judgment had been rendered below against appellant, that a motion for appeal had been granted, and that the amount of security had been set at $250.00. The second paragraph reads as follows:
“Therefore, the undersigned, who is domiciled in this parish, hereby binds himself as surety for Edward E. Terry, and in favor of Robert Fitzmorris, Clerk of the Twenty-Second Judicial District Court for the Parish of St. Tammany, in the sum of $250.00 as security for the payment of all costs for which Edward E. Terry may be cast in the final judgment rendered on this appeal.”
It was signed by Lloyd R. Walters as surety on the bond.
Appellees contend that this document was insufficient as an appeal bond because no where does it appear that appellant bound himself therein and because it was not signed by the appellant as principal.
However, it appears clear that the document does meet the requirements of C.C.P. Article 2124 because it does affirmatively set forth that security for all costs is provided. Article 2124 does not require the bond to state that appellant shall prosecute the appeal, it only requires that security for costs be set forth.
As to the lack of appellant’s signature on the bond, it has been specifically held that the-’ appellant need not sign the appeal bond
as principal. Cryer v. Cryer, 65 So.2d 618 (1st La.App.1953). In the case of Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147 (1945), the Supreme Court specifically stated at page 148:
“The appellant is primarily bound for the debt involved, and it is not necessary for him to sign the appeal bond as principal.” (Citations omitted.)
Inasmuch as appellant filed a bond under the conditions set forth by Article 2124 of the Code of Civil Procedure of 1960 (which by its very terms repealed the old Code of ■ Practice) and under the jurisprudence which holds that appellant need not sign the appeal bond as principal, the exception filed by appellee is overruled. Costs relating to this exception are to be paid by ap-pellees. Assessment of all other costs are to await a final determination on appeal.
Exception overruled.